## PEOPLE v. WEIN.

1. CRIMINAL LAW—FAIR TRIAL—CONDUCT OF TRIAL JUDGE.

    Conduct of trial judge, in prosecution for operating motor vehicle without operator's license, in threatening defendant with perjury prosecution when defendant appeared to be evasive in his answers as witness, while it cannot be condoned, did not deprive defendant of fair trial where it occurred while jury was not present (CLS 1961, § 257.311).

2. SAME—SENTENCE—REVIEW.

    Sentence imposed in criminal prosecution which is within the limits of punishment prescribed by statute under which defendant was convicted are not reviewable by Court of Appeals.

3. SAME—COSTS—BASIS IN RECORD.

    Case must be remanded for specification of basis for assessing costs against defendant in criminal prosecution or reassessment according to law where no basis for assessing costs appears in record on appeal.

Appeal from traffic and ordinance division of Recorder's Court of Detroit, Wood (Andrew C.), J. Submitted Division 1 June 11, 1968, at Detroit. (Docket No. 3,741.) Decided September 23, 1968. Leave to appeal granted by Supreme Court December 12, 1968. 381 Mich 793.

Jack Wein was convicted of operating a motor vehicle without a valid operator's license in his

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 19, 74, 76, 93.
[2] 21 Am Jur 2d, Criminal Law § 533.
[3] 5 Am Jur 2d, Appeal and Error § 1009 et seq.

immediate possession. Case remanded for specification or reassessment of costs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Daniel P. O'Brien,* for defendant.

PER CURIAM. Defendant was convicted of operating a motor vehicle without a valid operator's license in his immediate possession. CLS 1961, § 257.311 (Stat Ann 1960 Rev § 9.2011), and sentenced to serve 5 days in jail and pay $150 costs. The appeal asserts that the trial judge's conduct prejudiced the defendant and denied him a fair trial, and that the sentence imposed comports only with a conviction of driving on a revoked or suspended license. CLS 1961, § 257.904 (Stat Ann 1960 Rev § 9.2604).

The judge's conduct, about which complaint is made, consisted of interrupting the examination of the defendant, excusing the jury, vigorously questioning him, and threatening the defendant with prosecution for perjury if he persisted in testifying that he could recall no conviction for driving on a revoked license. When the jury returned the defendant testified that he had been convicted for that offense.

The record indicates that the trial court was convinced the defendant was being evasive in his answers. While we can appreciate the court's exasperation we cannot condone his threat of perjury prosecution. However, this was done outside the presence of the jury and we are not persuaded from our examination of the record that the defendant was deprived of a fair trial.

The jail sentence imposed is within the limits of the punishment prescribed by the statute under which defendant was convicted and accordingly not reviewable by this Court.

The basis for the costs assessed, however is not shown by the record and for this reason the cause is remanded either for the specification thereof or for reassessment of costs in accordance with law. See *People* v. *Hope* (1941), 297 Mich 115.

Remanded.

T. G. KAVANAGH, P. J., and LEVIN and NEWBLATT, JJ., concurred.