## PEOPLE *v.* WEIN.

1. CRIMINAL LAW—TRIAL—JUDGES—DRIVER'S LICENSE—CONTEMPT—
   FAIR TRIAL.
   Trial judge's questioning of a defendant, charged with operating
   a motor vehicle without a valid operator's license in his im-
   mediate possession, and cautioning defendant, outside the
   presence of the jury, about the possibility of contempt pro-
   ceedings did not deprive defendant of a fair trial (MCLA
   §§ 257.311, 257.904a).

2. SAME—CONSTITUTIONAL LAW—PERJURY—CONTEMPT.
   A criminal defendant has no constitutional or other right to
   commit perjury at trial, without being cautioned by the court,
   outside of the jury's presence, of possible contempt proceed-
   ings.

3. TRIAL—COURTS—PURPOSE OF TRIAL.
   Court trial is for the purpose of discovering and arriving at
   the truth and applying the appropriate law.

4. CRIMINAL LAW — CONSTITUTIONAL LAW — SELF-INCRIMINATION —
   OATH — TRUTH.
   A criminal defendant may not be compelled to testify or be a
   witness against himself; however, if he elects to take the
   witness stand he should be required to take the oath and tell
   the truth (US Const, Am 5; Mich Const 1963, art 1, § 17).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contempt § 33.
[1] 53 Am Jur, Trial § 35.
[2] 41 Am Jur, Perjury § 2 *et seq.*
[3] 53 Am Jur, Trial § 2 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 357 *et seq.*
   58 Am Jur, Witnesses § 549 *et seq.*
[5] 7 Am Jur 2d, Automobiles and Highway Traffic § 126.
   29 Am Jur 2d, Evidence § 333.
[6] 21 Am Jur 2d, Criminal Law §§ 534, 599.
[7] 20 Am Jur 2d, Costs § 100 *et seq.*

5. SAME—EVIDENCE—PRIOR CONVICTION—COURT RECORDS—DRIVER'S LICENSE.

> The prosecution may introduce into evidence court records of a conviction of defendant for driving with an expired motor vehicle operator's license in his immediate possession, where defendant, on trial for not having a valid operator's license in his immediate possession, denies knowledge of the expiration of his license and recent conviction for driving with an expired operator's license (MCLA §§ 257.311, 257.904a).

6. SAME—SENTENCE—DRIVING WITHOUT OPERATOR'S LICENSE.

> Sentence which required defendant to serve 5 days in jail and to pay costs of $150 or, in default of such payment, to serve an additional 15 days in jail *held,* not vague and confusing, as claimed by defendant who had been convicted of driving without a valid operator's license in his immediate possession (CLS 1961, §§ 257.901, 774.22).

7. SAME—SENTENCE—STATUTES—COSTS—COMPUTATION—APPEAL AND ERROR.

> It is proper for the Court of Appeals to remand for specification and reassessment of costs and for completing record to support it, where the imposition of payment of costs sets forth no basis for its computation and the record discloses no adequate basis therefor (CLS 1961, §§ 257.901, 774.22).

Appeal from Court of Appeals, Division 1, T. G. Kavanagh, P. J., and Levin and Newblatt, JJ., remanding for specification or reassessment of costs by Recorder's Court of Detroit, Traffic and Ordinance Division, Wood (Andrew C.), J. Submitted October 7, 1969. (Calendar No. 1, Docket No. 52,208.) Decided November 3, 1969.

13 Mich App 260, affirmed.

Jack Wein was convicted of operating a motor vehicle without a valid operator's license in his immediate possession. Defendant appealed to the Court of Appeals. Remanded for specification or reassessment of costs. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Daniel P. O'Brien,* for defendant.

DETHMERS, J. On February 18, 1967, defendant, a Michigan resident, while driving an automobile, was stopped on a street in Detroit by a uniformed Detroit police officer for making a prohibited left-hand turn. Upon the officer's request, he produced a State of Michigan driver's license which had expired on defendant's last birthday, July 6, 1966. In consequence, he was charged, in the recorder's court of the city of Detroit, traffic and ordinance division, with the offense of operating a motor vehicle without a valid operator's license in his immediate possession.[1]

A jury trial was had and defendant was found guilty as charged, sentenced by the court to serve 5 days in jail and to pay costs of $150 or, in default of such payment, to serve an additional 15 days in jail.

Upon appeal to the Court of Appeals, the verdict was affirmed (13 Mich App 260), but the cause remanded for specification or for reassessment of costs in accordance with law, citing *People* v. *Hope* (1941), 297 Mich 115.

From the above, defendant's appeal is here on leave granted, 381 Mich 793.

It was defendant's contention on trial, which occurred on April 5, 1967, that he did not know at the time the police stopped him on February 18, 1967, that his license had expired on the previous

---

[1] See MCLA §§ 257.311, 257.904a (Stat Ann 1968 Rev §§ 9.2011, 9.2604[1]).—REPORTER.

July 6, 1966. On cross-examination the prosecuting attorney asked defendant whether he had been convicted in Wayne county on December 6, 1966, of driving with an expired license. Defendant answered, "I don't believe so." The court then excused the jury and, in its absence, questioned defendant about his conviction in December of 1966, in Redford, of driving without a valid license. After considerable beating around the bush, defendant finally admitted that this had occurred and that the conviction related to the same expired license here involved. The court then stated to defendant that with such conviction having occurred only 4 months ago defendant could not now have been unaware that his license had expired on his birthday, July 6, 1966, that in the court's opinion defendant had been lying in that respect and that for lying to the jury he could be found in contempt of court. The jury was then recalled and, upon further cross-examination by the prosecuting attorney, defendant admitted before the jury the conviction in Redford.

Defendant complains, on appeal, that the conduct of the trial judge amounted to a denial to him of due process or a fair trial. We agree with the Court of Appeals that inasmuch as the judge's questioning of defendant and cautioning him about the possibility of contempt proceedings occurred outside the presence of the jury it did not deprive defendant of a fair trial. We know of no constitutional or other right of a defendant in a criminal case to commit perjury on trial without being cautioned by the court, outside the presence of the jury, of the possible consequences to him of such conduct. The administration of justice and the conducting of a court trial is for the purpose of discovering and arriving at the truth and applying the appropriate law thereto. Minds should be disabused of the idea

that the trial of a criminal case is a game or a sport
in which defendant, under the sanction of appellate
court decisions, is to be assisted by the law in con-
cealing the truth from the trial court and jury.
Although the defendant may not be compelled to
testify or be a witness against himself,[2] if he elects
to take the witness stand he should be required to
take the oath to tell the truth and to do so.  Had
defendant further persisted in denying knowledge
of the expiration of his license and his recent pre-
vious conviction thereof, it would have been com-
petent for the prosecution to introduce into evidence
the court records of such conviction to rebut defend-
ant's testimony and establish his knowledge of the
expiration.  This would not have constituted prej-
udicial error.  How the method here indulged would
be any more so it is difficult to fathom.

Defendant says that the sentence of the court was
vague and confusing.  We do not find it to be so.
It is within the limits provided by statute as to fine,
costs, and imprisonment.  CLS 1961, § 257.901 (Stat
Ann 1968 Rev § 9.2601); CLS 1961, § 774.22 (Stat
Ann 1954 Rev § 28.1213).  However, its imposition
of payment of costs sets forth no basis for its com-
putation nor does the record disclose an adequate
basis therefor.  Accordingly, the Court of Appeals
was correct in remanding for specification and re-
assessment of the costs and for completing the
record to support it.

Affirmed.

T. E. Brennan, C. J., and Kelly, Black, and
Adams, JJ., concurred with Dethmers, J.

T. M. Kavanagh, J., concurred in the result.

T. G. Kavanagh, J., did not sit.

[2] See US Const, Am 5; Mich Const 1963, art 1, § 7.—Reporter.