PEOPLE v. PENA.

DECISION OF THE COURT.

Appeal from conviction of selling narcotic drugs without a license is remanded; T. G. KAVANAGH, J., with whom KELLY and T. M. KAVANAGH, JJ., concurred, voting to reverse and remand on the ground that the trial court committed reversible error in not directly questioning defendant's witnesses about the intimidating effect of a letter sent to them by an assistant prosecutor; ADAMS, J., with whom T. E. BRENNAN, C. J., concurred, voting to remand for an evidentiary hearing to determine whether the witnesses were intimidated; and DETHMERS, J., with whom BLACK, J., concurred, voting to affirm on the ground that the witnesses were not in fact intimidated.

SEPARATE OPINION.

KELLY, T. M. KAVANAGH, and T. G. KAVANAGH, JJ.

1. CRIMINAL LAW—CONSTITUTIONAL LAW—WITNESSES—INTIMIDATION.

*Constitutional right of defendant accused of selling narcotic drugs without a license to call witnesses to his defense includes the safeguard that the defense witnesses should not be intimidated; thus it was improper for the assistant prosecuting attorney to send a letter stating the penalty for perjury to each of the poorly-educated witnesses listed by defendant in his notice of intent to claim an alibi (US Const, Am 3; Const 1963, art 1, § 20).*

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  25 Am Jur 2d, Duress and Undue Influence §§ 15, 16, 22, 30, 32.
[2, 3]  58 Am Jur, Witnesses §§ 675, 680.
[4, 5]  58 Am Jur, Witnesses § 723.
[6, 7]  39 Am Jur, New Trial § 68.

2. CRIMINAL LAW—IMPEACHMENT—INTIMIDATION.

> *A prosecuting attorney may impeach a witness in court but he may not intimidate him in or out of court.*

3. CRIMINAL LAW—INTIMIDATION—ALIBI WITNESSES—LETTER BY ASSISTANT PROSECUTOR—CORRECTION BY TRIAL JUDGE.

> *Letter by assistant prosecuting attorney quoting the statute setting forth the penalties for perjury, sent to poorly-educated alibi witnesses for defendant charged with selling narcotic drugs without a license* held, *to have constituted intimidation of the witnesses requiring correction by trial judge by direct questioning of the witnesses to determine the effect of the letter and such reassurance as he could give them.*

DISSENTING OPINION.
DETHMERS and BLACK, JJ.

4. CRIMINAL LAW—WITNESSES—ALIBI—PERJURY—PROSECUTION.

> *A letter sent by an assistant prosecuting attorney to witnesses listed by defendant in his notice of intent to claim an alibi, warning them of penalty for perjury, does not entitle defendant to a new trial where two of the three alibi witnesses testified in full support of defendant's alibi claim, the third professsing not to remember when called by the prosecutor, and it does not appear and is not claimed that any of the listed witnesses were affected by the assistant prosecutor's letter.*

5. CRIMINAL LAW—WITNESSES—PERJURY—CONTEMPT—FAIR TRIAL.

> *Witnesses are required, at trial, to take the oath to tell the truth and it is not necessary to a fair trial that witnesses not be told that to testify falsely may constitute perjury punishable by contempt proceedings.*

SEPARATE OPINION.
T. E. BRENNAN, C. J., and ADAMS, J.

6. CRIMINAL LAW—WITNESSES—INTIMIDATION—APPEAL AND ERROR —FACT DETERMINATION.

> *The Supreme Court should remand to the trial court for a determination whether an assistant prosecutor's letter directed to witnesses listed by defendant in his intent to claim an alibi, warning them of the penalty for perjury, intimidated the alibi witnesses.*

7. Criminal Law—New Trial—Alibi Witnesses—Intimidation—
Record.

> *A new trial should be granted a criminal defendant if the trial
> court finds that his alibi witnesses were intimidated by a
> letter sent by the prosecutor at the first trial, and in the
> event of retrial the court's effort to undo the damage should
> appear of record.*

Appeal from Court of Appeals, Division 3, Lesin-
ski, C. J., and Quinn and McGregor, JJ., affirming
Saginaw, Fred J. Borchard, J. Submitted October
8, 1969. (Calendar No. 7, Docket No. 52,017.) De-
cided April 13, 1970.

3 Mich App 26, reversed.

Ramon Pena was convicted of selling narcotics
without a license. Defendant appealed to the Court
of Appeals. Affirmed. Defendant appeals. Re-
manded for hearing.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George E. Thick, II,*
Prosecuting Attorney, and *H. Michael Dwan,* Assis-
tant Prosecuting Attorney, for the people.

*George H. La Plata,* for defendant on appeal.

T. G. Kavanagh, J. *(for reversal and remand).*
Ramon Pena was convicted of selling narcotic drugs
without a license[1] and sentenced to a prison term of
20 to 25 years.

Within ten days after the arraignment, defend-
ant's counsel gave notice of intent to claim an alibi
and listed as witnesses Manuala Garza, Irene Bus-
tinza and Nickhol Pena. On April 9, 1964, six days

[1] PA 1952, No 266 (MCLA § 335.152 [Stat Ann 1957 Rev
§ 18.1122]).

before the case was set for trial, an assistant prosecuting attorney for Saginaw county wrote to each of the witnesses on official stationery the following letter:

"Dear Madam:
    In the interests of justice I am quoting Michigan Statutes Annotated 28.644,[2] which provides as follows:
    'Any person who, being lawfully required to depose truth in any proceeding in a court of justice, shall commit perjury shall be guilty of a felony, punishable, if such perjury was committed on the trial of an indictment for a capital crime, by imprisonment in the state prison for life, or any term of years, and if committed in any other case, by imprisonment in the state prison for not more than fifteen (15) years.'
                                Very truly yours,
                                G. E. THICK
                                Assistant Prosecuting Attorney"

Before the jury was impaneled, the defendant's counsel moved to dismiss the charges on the ground that the prosecutor's "letter" violated the Fourteenth Amendment of the United States Constitution by intentionally intimidating the defense witnesses.

After listening to argument on the motion the trial judge concluded:

*"The Court:* Well, let me just say that the court definitely does not approve of this procedure. It is the first time that I have ever seen this technique used. I did discuss the matter with the prosecutor yesterday and was informed that he knew not of this procedure.

"I surely hope that this will be the last time that the procedure will be used.

"I will at this time deny the motion, although I indicated that I do not approve of the procedure. I

---

[2] CL 1948, § 750.442 (Stat Ann 1954 Rev § 28.644).—REPORTER.

do not feel that this will prevent the defendant from having a fair and impartial trial in this case.

"It is a matter which could be brought to the attention of the witness or any witnesses as they take the stand by the court, and, of course, as all witnesses are to understand that they are to tell the truth, the whole truth and nothing but the truth as they testify in this very serious matter.

"The motion will be denied."

We do not consider this adequate.

The impact of the prosecutor's official letter talking about life imprisonment to these poorly-educated Spanish-speaking people could scarcely be calculated to be anything but terrifying.

For the court to conclude that the defendant could have a fair trial without directly questioning the witnesses, without ascertaining the effect of the letter and without attempting to reassure them, if possible, is not acceptable.

The Constitutional right of a defendant to call witnesses in his defense[3] mandates that they must be called without intimidation. The manner of testifying is often more persuasive than the testimony itself.

A prosecutor may impeach a witness in court but he may not intimidate him—in or out of court.

As the trial court recognized, this "procedure" is indefensible. Because we are convinced that the court alone might have corrected the prosecutor's actions, but did not, we must set aside the conviction.

Upon retrial the court's efforts to undo the damage should appear of record.

Reversed and remanded.

KELLY and T. M. KAVANAGH, JJ., concurred with T. G. KAVANAGH, J.

---

[3] US Const, Am 3; Mich Const 1963, art 2, § 20.

ADAMS, J. *(for remand)*. I would remand to the trial court for a determination by that court as to whether or not the prosecutor's letter did intimidate the witnesses. If the court finds it did, the court should grant a new trial and the court's efforts to undo the damage upon such retrial should appear of record. If the court finds that no intimidation took place, the court should so find, stating its reasons for the finding, and a new trial should be denied.

I vote to remand for a hearing as proposed above.

T. E. BRENNAN, C. J., concurred with ADAMS, J.

DETHMERS, J. *(for affirmance)*. The opinion of Mr. Justice THOMAS GILES KAVANAGH in this case neglects to include in its statement of facts that of the three persons listed as witnesses by the defendant in his notice of intent to claim an alibi, two of them were called by defendant as witnesses, at trial, that both actually did testify in support of his claim of alibi, and that defendant did not call the third one at trial, but the prosecution did and such witness professed to be unable to remember her whereabouts at the time in question. No claim is made by the defendant, on appeal, nor is it suggested in Justice KAVANAGH's opinion, that the memory or testimony of the latter witness was in any way affected by the letter sent to her by the prosecuting attorney.

It is obvious that the testimony of the two witnesses called by defendant was not affected by the letter sent to them inasmuch as they testified in full support of his alibi claim. How, then, can it be said "that the prosecutor's 'letter' violated the Fourteenth Amendment * * * by intentionally intimidating the defense witnesses" and that defendant was thus deprived of a fair trial? The witnesses, whatever their state of mind or pulse rate, gave de-

fendant the testimony he wanted. He was deprived of nothing.

At this point reference may be made to our decision in the recent case of *People* v. *Wein* (1969), 382 Mich 588, in which we held that it was not reversible error in a criminal case for the trial judge to caution the defendant that a penalty attaches to perjury. Witnesses are required, on trial, to take the oath to tell the truth and to do so. That to testify falsely may constitute perjury punishable by contempt proceedings or otherwise need not be kept secret from a witness as a prerequisite to a fair trial.

As appears from Mr. Justice T. G. KAVANAGH's opinion, it apparently was defense counsel's theory that the sending of the letters by the prosecutor entitled the defendant, in advance of trial, to dismissal of the charges. Nothing could be more preposterous. Defendant had a fair trial. His conviction should be affirmed.

BLACK, J., concurred with DETHMERS, J.

### ORDER OF THE COURT

This cause having been brought to this Court by appeal from the Court of Appeals, and having been argued by counsel and due deliberation had thereon, it is now ordered that the cause be remanded to the Circuit Court for the County of Saginaw for a determination by that court as to whether or not the prosecutor's letter did intimidate the witnesses. If the court finds it did, the court will grant a new trial and the court's efforts to undo the damage upon such retrial shall appear of record. If the court finds that no intimidation took place, the court will so find, stating its reasons for the finding, and a new trial will be denied.