PEOPLE *v.* BUTLER

1. CRIMINAL LAW—INTIMIDATION OF WITNESSES.

> Prosecution's waiting until the second day of the defendant's trial, which was nearly nine months after the crime charged had been committed, before moving to indorse a witness who had testified at the preliminary examination of another participant in the crime charged and whose testimony, as given at the preliminary examination, might have been favorable to the defendant, telling the witness outside of the courtroom that he was under investigation regardless of whether he testified at the trial, and advising the witness that he had the Fifth Amendment right to refuse to testify constituted intimidation of the witness and necessitated reversal of the defendant's conviction.

2. CRIMINAL LAW—FAIR TRIAL—WITNESSES—INTIMIDATION.

> All important available evidence must be presented to the jury in their deliberations; any interference, intimidation, or prevention concerning the right to have a witness heard leads to injustice.

3. CRIMINAL LAW—PROSECUTOR'S DUTY—FAIR TRIAL.

> A prosecutor's duty is as much to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one; the prosecutor must see that a defendant has a fair trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] Assaulting, threatening, or intimidating witness as contempt of court. 52 ALR2d 1297.
[1, 2] 53 Am Jur, Trial § 22.
[3, 5] 21 Am Jur 2d, Criminal Law §§ 221, 222, 234–240.
[4] 21 Am Jur 2d, Criminal Law § 329.
58 Am Jur, Witnesses § 3.

4. Criminal Law—Right to Call Witnesses—Constitutional Law.
   The constitutional right of a defendant to call witnesses in his
   defense mandates that they must be called without intimidation.

5. Criminal Law—Fair Trial—Witnesses—Prosecutor's Duty.
   A prosecutor may impeach a witness in court but he may not
   intimidate him in or out of court.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 November 9, 1970, at Grand Rapids. (Docket No. 7999.) Decided February 17, 1971.

Donald R. Butler was convicted of breaking and entering. Defendant appeals. Reversed and remanded for a new trial.

*Mollison, Hadsell & Cary,* for defendant on appeal.

Before: T. M. Burns, P. J., and R. B. Burns and Munro,* JJ.

Munro, J. Defendant appeals from his jury trial conviction of breaking and entering. MCLA § 750.110 (Stat Ann 1965 Cum Supp § 28.305).

The facts in this matter are that on December 18, 1967, the defendant, Leroy Tipton, Richard Jones, Leonard Green, and Duane Baker were in a tavern in the City of Benton Harbor. During the early morning hours the defendant, Tipton, Jones, and Green drove around in Tipton's car and stopped near the C & O Railroad depot. Jones and Green broke into the depot and while the defendants were there the police arrived; the defendant and Tipton fled in Tipton's car but were soon apprehended. Jones and Green were also caught a short distance

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

from the depot and all four were charged with the crime of breaking and entering.

At the defendant's trial Jones pleaded the Fifth Amendment and refused to testify but Green testified that the defendant and Tipton were parties to a mutual plan to break into the C & O depot and that this plan had been discussed at the tavern in Benton Harbor. Green further testified that the defendant left Tipton's car and helped smash some of the depot windows but returned to Tipton's car and fled with him upon the arrival of the police cruiser. Both the defendant and Tipton testified that there had been a gathering at the tavern in Benton Harbor but denied any discussion or scheme relating to the C & O Railroad depot. They both admitted that the four of them had driven around and stopped at the C & O yard but both the defendant and Tipton claimed that when Jones and Green left the car they did not go with them and when they ascertained the intentions of Jones and Green they were surprised, did not want to participate and requested Jones and Green to return to the car. The jury verdict in this matter indicates that the jury accepted the testimony of Green over that of Tipton and the defendant.

On appeal defendant contends he was denied a fair trial for a number of reasons, (1) prosecution misconduct, (2) judicial indiscretion, and (3) failure to prove guilt beyond a reasonable doubt.

On the issue of prosecution misconduct Duane Baker, an employee of the C & O Railroad, was an indorsed witness at the preliminary examination of Jones and Green arising out of this same incident and he there testified that Jones and Green had approached Baker with a plan to break into the depot since he had the keys and safe combination but that he refused to become implicated. He also

then testified that Leroy Tipton and defendant were in the bar but that they had no part in the conversation. Defendant contends that this testimony would have been favorable to him, because an inference could have been drawn from the testimony that Jones and Green were planning to break into the depot using Baker as an accomplice rather than the defendant and Tipton and that defendant did not know of the plan.

At the time of the defendant's trial Duane Baker had not been indorsed on the information and the prosecution then offered to indorse him at the time of trial. Up to that time, although almost nine months had elapsed following the commission of the crime, the witness had never been formally charged or advised he was implicated in the crime. On the second day of defendant's trial when the prosecution moved to indorse Duane Baker as a witness the prosecutor stated he had never seen witness Baker until that morning and further wanted Mr. Baker to understand that he would be under investigation regardless of whether he testified at the trial. Defendant contends that the prosecution's advising witness Baker that he was under investigation on the morning that Baker was to be indorsed as a witness and that the witness's being advised by the prosecutor out of the courtroom of his right to refuse to testify because of the Fifth Amendment amounted to intimidation of the witness. Witness Baker, after having such rights further explained to him by the court, answered a few questions and pleaded the Fifth Amendment. He admitted that the prosecutor's announcement that morning had scared him, that he was surprised and that he did not like being under investigation. Defendant at that time moved for a mistrial on the grounds that the prosecutor's remarks outside the courtroom and

in the courtroom had intimidated the witness and, in effect, forced the witness to plead the Fifth Amendment thus depriving defendant of the witness's favorable testimony. The motion for mistrial was denied by the trial court.

On appeal defendant's counsel filed an affidavit in support of defendant's position that witness Baker was intimidated by the prosecutor. The affidavit filed by defendant's counsel indicated that the assistant prosecutor, on the morning of October 2, 1968, first advised Baker that he was under investigation for involvement in the breaking and entering on December 18, 1967, and that the prosecutor then further advised witness Baker of his right to remain silent. No denial has been filed by the prosecutor with regard to the affidavit nor has any brief or oral argument been offered by the prosecutor on appeal.

Whether the testimony of witness Baker would have changed the jury verdict is conjectural, but in the interests of justice and a fair trial, all important available evidence must be presented to the jury in their deliberations. Any interference, intimidation, or prevention concerning the right to have a witness heard leads to injustice, and our review of the entire record persuades us that there was uncalled for intimidation of this witness. A prosecutor's duty is as much to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. He must see that the defendant has a fair trial and protect the public who are as concerned with protecting the innocent as convicting the guilty. *People* v. *Brocato* (1969), 17 Mich App 277.

We cite with approval the language of Justice T. G. KAVANAGH, concurred in by Justices KELLY and T. M. KAVANAGH, in *People* v. *Pena* (1970), 383 Mich 402, 406:

"The constitutional right of a defendant to call witnesses in his defense mandates that they must be called without intimidation.   *   *   *   A prosecutor may impeach a witness in court but he may not intimidate him—in or out of court."

This decision obviates discussion of the other issues presented.

Reversed and remanded for a new trial.

All concurred.