PEOPLE *v.* JIMMIE RAGLAND

1. CRIMINAL LAW—APPEAL AND ERROR—EVIDENCE—WEIGHT—PRE-
SERVING QUESTION.

   Failure to move for a new trial in a criminal case forecloses
   review of the issue of weight of the evidence on appeal.

2. CRIMINAL LAW—APPEAL AND ERROR—EVIDENCE—SUFFICIENCY—
PRESERVING QUESTION.

   Failure to move for a new trial in a criminal case does not pre-
   vent a defendant from pressing his claim on appeal that the
   evidence was legally insufficient to support a conviction.

3. EVIDENCE — HOMICIDE — MANSLAUGHTER — ACCESSORIES — SUF-
FICIENCY.

   Evidence was sufficient to go to the jury and was sufficient to
   support a conviction of manslaughter as accessories to a homi-
   cide where the record shows that the defendants were involved
   throughout the transaction even though it reveals no evidence
   that they actually shot the deceased (MCLA § 750.321).

Appeal from Recorder's Court for the City of De-
troit, Frank G. Schemanske, J. Submitted Division
1 May 11, 1971, at Grand Rapids. (Docket No.
10211.) Decided June 28, 1971.

Jimmie Ragland and Norman Ragland were con-
victed of second-degree murder; Johnnie Ragland
and Jessie Ragland were convicted of manslaughter.
Defendants appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 555.
[3] 40 Am Jur 2d, Homicide § 29.
Who other than actor is liable for manslaughter. 95 ALR2d 175.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Charles Rubinoff,* for defendants on appeal.

Before: T. M. Burns, P. J., and R. B. Burns and Fitzgerald, JJ.

Per Curiam. Defendants Jimmie and Norman Ragland were found guilty of second degree murder;[1] defendants Johnnie and Jessie Ragland were found guilty of manslaughter.[2] The people have filed a motion to affirm pursuant to GCR 1963, 817-.5(3).

Defendants Jimmie and Norman Ragland did not make a motion for a new trial and are here attacking the weight of the evidence. Not having made the requisite motion, that issue is foreclosed from review. *People v. Mattison* (1970), 26 Mich App 453. Defendants Johnnie and Jessie Ragland also failed to move for a new trial, but this does not prevent them from pressing their claim that the evidence was legally insufficient. They were charged as accessories, the people contending that they aided and abetted the commission of this homicide.[3] While there is no evidence that either Johnnie or Jessie actually shot the deceased, they were involved throughout; and there was certainly enough evidence to go to the jury under the standard of *People v. Hogan* (1967), 9 Mich App 78.

[1] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).
[2] MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).
[3] MCLA § 767.39 (Stat Ann 1954 Rev § 28.979).

A complete review of the transcript in this case reveals that the questions presented are so insubstantial as to warrant no argument or formal submission.

Accordingly, the people's motion to affirm is granted.