PEOPLE v HARLEY

OPINION OF THE COURT

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—OBJECTION—COURT RULE.

Exceptions to the "no objection-no error" language of the court rule which provides that no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict stating specifically the matter to which he objects and the grounds of his objection, are made only where manifest injustice results (GCR 1963, 516.2).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—FAILURE TO OBJECT—TRIAL STRATEGY.

A defendant may not on appeal raise an issue regarding jury instructions given in accordance with his request and claim such instructions erroneous because defendant has no basis for complaint where his trial strategy failed to produce the results he wanted.

3. CRIMINAL LAW—FAIR TRIAL—JURY—HASTY VERDICT.

A trial judge did not coerce or attempt to coerce a hasty jury verdict by his remarks where the judge exhibited no impatience with the jury but rather merely explained to them that if they were unable to reach a verdict within an hour they would be taken to lunch at county expense, and that it would be necessary to limit the cost of the lunch.

4. CRIMINAL LAW—WITNESSES—PROSECUTION CONDUCT—INTERFERENCE—INTIMIDATION—THREATS—FAIR TRIAL.

Interference, intimidation, and threats by a prosecutor to a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 824.
[3] 53 Am Jur, Trial § 958.
[4–6, 8, 9] 53 Am Jur, Trial § 459.
  Abuse of witness by counsel as ground for new trial or reversal, 4 ALR 414.
[7] 5 Am Jur 2d, Appeal and Error § 654.

witness constitutes grounds for reversal since such actions usually deprive the defendant of his right to a fair trial.

5. Criminal Law—Witnesses—Prosecution Conduct—Threats—Fair Trial.

Threats made by the prosecutor to a witness did not deprive a defendant of a fair trial where the trial court was apprised of the existence of these threats by the witness, the court informed the witness that she should not hold back any pertinent evidence, and the witness then testified favorably to the defendant, because the record clearly indicates that the court's assurances to the witness purged the possible taint left by the prosecutor's actions.

6. Criminal Law—Witnesses—Prosecution Conduct—Threats—Hesitancy to Testify—Timely Objection.

The trial court is the proper place for a defendant to question the propriety and effect of a prosecutor's actions in allegedly threatening a witness because the trial court has the opportunity to observe the behavior of the witness and any possible hesitancy to testify which would not appear from the cold words of the transcript.

7. Criminal Law—Appeal and Error—New Trial—Evidence—Weight—Preserving Question.

The question of the weight of the evidence in a criminal case is a jury matter and cannot be raised for the first time on appeal; a motion for a new trial is a necessary prerequisite.

Dissent by T. M. Burns, P. J.

8. Criminal Law—Witnesses—Prosecution Conduct—Intimidation.

*It is indefensible for a prosecutor to intimidate a witness either in or out of court.*

9. Criminal Law—Witnesses—Prosecution Conduct—Intimidation—Harmless Error.

*A prosecutor's conduct in meeting with a witness, using questionable language, telling the witness if she lied she would be prosecuted for perjury, that he would eventually obtain evidence to convict her and the defendant of the crime, and closing by stating "I'll get you one way or the other, you and [defendant] if you don't leave the county" results in reversible error and not harmless error notwithstanding the fact that the witness eventually testified favorably to the defendant, because*

*the prosecutor's actions toward the witness were so offensive to
the maintenance of a sound judicial process and such an affront
to the integrity of the trial process that it can never be
regarded as harmless error.*

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 June 18, 1973, at Lansing. (Docket No. 15160.) Decided September 27, 1973.

Richard L. Harley was convicted of uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Martin E. Clements,* Prosecuting Attorney, and *Edward B. Meth,* Assistant Prosecuting Attorney, for the people.

*David A. Nelson, P. C.,* for defendant on appeal.

Before: T. M. BURNS, P. J., and MCGREGOR and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. The defendant, Richard L. Harley, was found guilty by a jury of uttering and publishing, MCLA 750.249; MSA 28.446, was sentenced to a term of 3 to 14 years, and appeals as of right without having made a motion for a new trial.

The first issue arises as a result of testimony given by the defendant to the effect that the chief witness called him in the hospital, apologized for getting him into trouble by lying about the checks, and then indicated that he would straighten the matters out with the prosecuting attorney. During the conference on instructions, the trial judge indicated that he would instruct that such testimony could be used for credibility purposes only;

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

however defense counsel insisted that it be considered as substantive evidence, since it might benefit his client. Naturally, the defense counsel did not object to the instructions as given. Defendant now asserts that the court should have given the original version of the instruction.

In light of GCR 1963, 516.2, it is doubtful if this issue is properly before the Court. Exceptions to the "no objection-no error" language of 516.2 have been made where "manifest injustice" results. *Hunt v Deming,* 375 Mich 581; 134 NW2d 662 (1965). However, the defendant has no basis for complaint where, as here, his trial strategy failed to produce the desired results.

Secondly, the defendant asserts that he was denied a fair trial by virtue of the fact that the jury was coerced into a hasty verdict by certain remarks made by the trial court, citing *People v London,* 40 Mich App 124; 198 NW2d 723 (1972), and the cases cited therein. The trial court herein exhibited no impatience with the jury, but rather merely explained to the jury that if they were unable to reach a verdict within an hour, they would be taken to lunch at county expense. The court further indicated that it was necessary to limit the cost of this lunch. There was absolutely no attempt to force the jury to reach a verdict before lunch nor any attempt to convey to the jury that they should hasten their deliberations.

The third, and perhaps most important, issue concerns certain threats made by the prosecutor to a res gestae witness to the effect that he would prosecute her for the same crime as defendant if she did not leave the county or for perjury if she testified favorably to defendant at trial. The trial court was apprised of the existence of these threats by the witness, whereupon the court in-

formed the witness that she should not hold back any pertinent evidence. The witness then took the stand and testified favorably to the defendant.

There is no question that interference, intimidation and threats by the prosecutor to a witness constitutes grounds for reversal, since such actions usually deprive the defendant of his right to a fair trial. *People v Pena,* 383 Mich 402; 175 NW2d 767 (1970); *People v Butler,* 30 Mich App 561; 186 NW2d 786 (1971). While we condemn the prosecutor for his attempts to pervert the ends of justice, we find that no reversible error resulted therefrom. The record clearly indicates that the trial court's assurances to the witness purged the possible taint left by the prosecutor's actions. We would note further that neither a motion for a mistrial nor a motion for a new trial were made before the trial court. If the taint left by the prosecutor's actions gave rise to any hesitancy to testify by the witness which would not appear from the cold words of the transcript, the proper place to raise the question would have been before the trial court who had the opportunity to observe the behavior of the witness.

The remainder of the issues raised have been carefully examined and found lacking in merit. Not only was the question of improper remarks by the prosecutor not properly preserved for appellate review, but the remarks fell within the scope of permissible inferences from the evidence. The testimony concerning an assault made by defendant on one of the witnesses was introduced by defense counsel on cross-examination; therefore defendant has no cause for complaint. The question of the weight of the evidence is a jury matter and cannot be raised for the first time on appeal; a motion for new trial being a necessary prerequisite. See *Peo-*

*ple v Ragland,* 34 Mich App 673; 192 NW2d 73
(1971). There was sufficient evidence, if believed by
the jury, to find defendant guilty beyond a reason-
able doubt.

Affirmed.

McGregor, J., concurred.

T. M. Burns, P. J. *(dissenting).* While I concur
with the majority that the prosecutor's threats and
intimidation directed toward a res gestae witness
are to be condemned, I cannot agree that such
action was not reversible error and does not man-
date a reversal.

It is indefensible for a prosecutor to intimidate a
witness either in or out of court. *People v Pena,*
383 Mich 402, 406; 175 NW2d 767, 768 (1970).

Here the record discloses that the prosecutor
met with the witness, used questionable language,
told the witness if she lied she would be prose-
cuted for perjury, that he would eventually obtain
evidence to convict her and the defendant of the
crime, and closed by stating "I'll get you one way
or the other, you and Richard Harley [defendant]
if you don't leave the county".

The prosecutor's inference was clear, the witness
was to either testify favorable for the prosecutor
or face perjury charges. Such conduct on the part
of the prosecutor is reprehensible under the ratio-
nale of *Pena, supra.*

Notwithstanding the fact that the witness even-
tually testified favorably to the defendant, the
prosecutor's conduct cannot be lightly classified as
harmless error.

Not only was the evidence produced at trial
against the defendant extremely weak, the prose-
cutor's actions toward the witness were so offen-

sive to the maintenance of a sound judicial process and such an affront to the integrity of the trial process that it can never be regarded as harmless error. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709, 713–714 (1972).

Therefore, I vote to reverse and remand for a new trial.