PEOPLE v CRABTREE

Docket No. 77-411. Submitted June 5, 1978, at Grand Rapids.—Decided January 3, 1979.

Tillman Crabtree was convicted of criminal sexual conduct in the third degree in the Van Buren Circuit Court, Meyer Warshawsky, J. Defendant appeals alleging prosecutorial intimidation of the complainant. *Held:*

1. The prosecutor's action in apprising the complainant prior to trial of possible perjury charges if she changed her story to one exculpating the defendant was reversible error since (a) neither the trial court nor either of the counsel asked her if she had in fact been intimidated by the threat, (b) the prosecutor made no attempt to bring the matter to the attention of the court, and (c) the prosecutor made a blatant attempt to bolster the witness's credibility by announcing that he would not prosecute her for perjury after she had testified against the defendant.

2. A prosecutor may not show the general lack of morality of a defense witness by evidence of specific instances of conduct.

3. Specific instances of conduct may be inquired into on cross-examination only if probative of truthfulness and if concerned with the witness's character for truthfulness or untruthfulness; marijuana use is not such an instance of specific conduct.

4. A prosecutor may not rebut reputation evidence of character with specific instances of conduct, however, inquiry is allowable into reports of relevant specific instances of conduct.

Reversed and remanded.

V. J. Brennan, J., dissented and would hold that the prosecutor's action in apprising the complainant of possible perjury

References for Points in Headnotes

[1] 63 Am Jur 2d, Prosecuting Attorneys §§ 22-27.
75 Am Jur 2d, Trial §§ 192-201.
[2, 5] 81 Am Jur 2d, Witnesses § 417.
[3] 81 Am Jur 2d, Witnesses § 507.
[4] 81 Am Jur 2d, Witnesses §§ 500-504.
Cross-examination of character witness for accused with reference to particular acts or crimes. 47 ALR2d 1258.

penalties was not error since any possibility of taint through intimidation was eliminated when the complainant stated at trial that her original version was the truth and that the prosecutor and police only wanted her to testify to the truth.

OPINION OF THE COURT

1. WITNESSES—CRIMINAL LAW—DISTRICT AND PROSECUTING ATTORNEYS—PROSECUTION INTIMIDATION.

Prosecution intimidation of witnesses has been condemned whether the witnesses are defense witnesses or prosecution witnesses.

2. WITNESSES—CRIMINAL LAW—DISTRICT AND PROSECUTING ATTORNEYS—PROSECUTION INTIMIDATION—PERJURY—APPEAL AND ERROR.

A prosecutor's action in apprising the complainant prior to trial, in an action for criminal sexual conduct, of possible perjury penalties if she changed her story from that given at the preliminary examination, wherein she testified to the sexual act, was reversible error where (1) neither the trial court nor either of the counsel asked the complainant if she had in fact been intimidated by the threat, and (2) the prosecutor made no effort to bring the matter to the attention of the court, by examination or otherwise, and (3) the prosecutor made a blatant attempt to bolster the witness's credibility by announcing that he would not prosecute her for perjury after she had testified against the defendant.

3. DISTRICT AND PROSECUTING ATTORNEYS—WITNESSES—LACK OF MORALITY—SPECIFIC INSTANCES OF CONDUCT—RULES OF EVIDENCE.

A prosecutor is not permitted to show the general lack of morality of a defense witness by evidence of specific instances of conduct; specific instances of conduct may be inquired into on cross-examination only if probative of truthfulness and if concerned with the witness's character for truthfulness or untruthfulness; marijuana use is not such an instance of specific conduct contemplated by the rule (MRE 608[b]).

4. DISTRICT AND PROSECUTING ATTORNEYS—REPUTATION EVIDENCE—SPECIFIC INSTANCES OF CONDUCT—REPORTS—RULES OF EVIDENCE.

A prosecutor may not rebut reputation evidence of character with specific instances of conduct, however, inquiry is allowable into reports of relevant specific instances of conduct (MRE 405).

DISSENT BY V. J. BRENNAN, J.

5. WITNESSES—CRIMINAL LAW—DISTRICT AND PROSECUTING ATTOR-
    NEYS—PROSECUTION INTIMIDATION—PERJURY—APPEAL AND ER-
    ROR.

   *A prosecutor's action in apprising the complainant prior to trial,
   in an action for criminal sexual conduct, of possible perjury
   penalties if she changed her story from that given at the
   preliminary examination, wherein she testified to the sexual
   act, was not error where the complainant wanted to change her
   testimony to get out of going to court, the prosecutor empha-
   sized that the complainant tell the truth, and the complainant
   testified at trial that her original version was the truth; any
   possibility of taint through intimidation was eliminated when
   the complainant stated that her original version was the truth
   and that the prosecutor and the police only wanted her to
   testify to the truth.*

Frank J. Kelley, Attorney General, Robert A.
Derengoski, Solicitor General, Ward S. Hamlin,
Jr., Prosecuting Attorney, and Thomas C. Nelson,
Assistant Attorney General, Prosecuting Attorneys
Appellate Service, for the people.

Domnick J. Sorise, Assistant State Appellate
Defender, for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and
R. H. CAMPBELL,* JJ.

R. H. CAMPBELL, J. The defendant was convicted
by a jury of criminal sexual conduct in the third
degree, MCL 750.520(d)(1); MSA 28.788(4)(1), and
was sentenced to a term of imprisonment from 4
to 15 years.

The 14-year-old alleged victim in this matter, as
a result of apparent peer group pressures and
inner dilemmas which we only speculate about,
visited the prosecutor on the day before trial was

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

to begin. She informed him that she wanted to drop the charges against the defendant and explained that "he didn't touch me" and that a police officer had pressured her into the charge in the first place. The prosecutor responded with a thinly-veiled threat of a perjury charge against the victim if she changed her story from that given at the preliminary examination (wherein she testified to the sexual act). At trial, this episode was revealed to the court and jury only as a result of the defense counsel's thorough cross-examination of the witness. On redirect the prosecutor announced "for the record", that "as Prosecutor of Van Buren County * * * I do not intend to prosecute this person as a perjuror. I am just interested in the truth".

Prosecution intimidation of witnesses has been condemned, *People v Pena,* 383 Mich 402; 175 NW2d 767 (1970), whether the witnesses are defense witnesses or prosecution witnesses. *People v Harley,* 49 Mich App 729; 212 NW2d 810 (1973). We recognize the dilemma of the prosecutor when confronted with such a situation. But there were three additional problems which conclusively tilted the balance here toward reversal. First, neither the trial court nor either of the counsel asked the young witness if she had in fact been intimidated by the threat. Justice ADAMS in *People v Pena, supra,* suggested this, in particular, was a question to be asked by the trial court. Here, the prosecutor even requested that the judge ask the witness the question, but the trial judge declined. Second, the prosecutor made no effort to bring the matter to the attention of the court, by examination or otherwise. Rather, a thorough cross-examination of the witness by defense counsel yielded the information which, it is clear, would never have been

revealed otherwise. And finally, the prosecutor's announcement that he would not prosecute her for perjury—coming after she had testified against the defendant—was a blatant attempt to bolster the witness's credibility. Such stands as an independent error, but also combines, in aggregate, with the prosecutor's improper handling of the entire incident of the witness's attempted recantation.

Other errors at trial also combined with the former to require reversal. Contrary to the prosecutor's assertion at trial, he is not permitted to show the general lack of morality of a defense witness by evidence of specific instances of conduct. Rather, specific instances of conduct may be inquired into on cross-examination only if probative of truthfulness and if concerned with the witness's character for truthfulness or untruthfulness. MRE 608(b), *People v Bouchee,* 400 Mich 253; 253 NW2d 626 (1977). Marijuana use is not such an instance of specific conduct contemplated by the rule.

Neither may the prosecutor rebut reputation evidence of character with specific instances of conduct, however, inquiry is allowable into reports of relevant specific instances of conduct. MRE 405, *People v Roeder,* 79 Mich App 595; 262 NW2d 872 (1977).

The resolution of the issues above makes discussion of the other issues raised by defendant unnecessary.

The defendant's conviction is reversed and the case remanded for a new trial. The trial court should particularly ascertain whether the action of the prosecutor intimidated the victim into testifying as she did at trial.

Reversed and remanded.

Danhof, C.J., concurred.

V. J. Brennan, J. *(dissenting)*. I disagree with the majority's disposition insofar as it is based on the question of intimidation of the complainant.

The facts surrounding the defendant's claim of prosecutorial intimidation of the complainant are as follows. On the day before trial the complainant visited the prosecutor and stated that she wanted to drop the charges and that defendant "didn't touch" her. The prosecutor then reviewed the complainant's preliminary examination testimony and explained that if she changed her testimony she could be prosecuted for perjury. When asked at trial why she wanted to drop the charges the complainant stated that she didn't like courtrooms and she wanted to "get out of going to Court".

After reaffirming her original version of the incident, the following colloquy took place between the complainant and the prosecutor:

"BY MR. HAMLIN [Prosecutor]:
"Q * * * has Lieutenant Hogmire and myself had conversations with you in the last couple of days?
"A Yes.
"Q During each of these conversations have we indicated to you that we wanted you to tell the truth?
"A Yes.
"Q Now, have you told the truth?
"A Yes.
"Q Now, when Mr. Hogmire came to your house that night, you indicated in response to Defendant Attorney's questions that he asked you several times whether or not you had sex with him. Do you remember answering the Defense Attorney's question?
"A I said yes.
"Q Yes he asked you several times. In the first of those several times that he asked you what was your reply?

"A No.

"Q Was there a reason why your reply was no?

"A Because I didn't know what he would do.

"Q Pardon me?

"A I didn't know what Ted [the defendant] would do if I told.

"Q Was your parents there when he was asking you those questions?

"A Yes.

"Q Has anybody told you what to say today or yesterday or when you testified yesterday?

"A Tedi [the defendant's daughter], she told me to say he didn't do it.

"Q Has Lieutenant Hogmire or myself told you what to testify to?

"A The truth.

"Q Have we given you words to testify to?

"A No."

I would find the present case controlled by *People v Zinn,* 63 Mich App 204; 234 NW2d 452 (1975). There two prosecution witnesses who had made written statements prior to trial did not want to testify at trial. The prosecutor then warned both of the witnesses of the penalties for perjury. The jury was aware of this as it was heavily stressed in cross-examination by defense counsel. Upon testifying both witnesses maintained that they had not been intimidated when the prosecutor reminded them of the penalties for perjury. The Court held that the prosecutor did not commit error.

The facts in the present case are quite similar. The complainant, on the day before trial, did not want to testify. The prosecutor informed her of the penalties for perjury and at trial the complainant reaffirmed her original version. Any possibility of taint through intimidation was eliminated when the complainant stated that her original version

was the truth and that the prosecutor and the police lieutenant only wanted her to testify to the truth.

Taking into account the reason for the complainant wanting to change her testimony, the emphasis by the prosecutor that the complainant tell the truth, and the fact that the complainant did testify that her original version was the truth, I would hold the prosecutor's action in apprising the complainant of possible perjury penalties not to be error.