# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DONALD RAY BEBEE II,

Defendant-Appellant.

UNPUBLISHED
December 18, 2018

No. 339760
Isabella Circuit Court
LC No. 2016-000734-FC

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant, Donald Ray Bebee II, appeals by right his convictions, following a jury trial, of first-degree child abuse, MCL 750.136b(2), and second-degree child abuse, MCL 750.136b(3), involving his son. We affirm.

## I. BACKGROUND

When the child was two years old, he suffered life-threatening seizures and brain bleeding. The child was taken to the hospital, and emergency workers discovered that he was covered in bruises at various stages of healing. Following this discovery, the child was removed from his parents' care and defendant was charged with committing the aforementioned crimes. At trial, defendant presented expert testimony from Dr. James Downs, opining that defendant did not intentionally cause the child's head injury. Rather, Dr. Downs opined that the child's injuries resulted from his accidental ingesting of cocaine and heroin used by his parents, which caused the child to suffer a seizure during which he fell and injured his head. The prosecutor countered this testimony with the expert testimony of the child's treating physician, Dr. James Inman, and a child-abuse-and-neglect pediatrician, Dr. Angela May. Both of the prosecutor's experts testified that the child's injuries were the result of a rapid acceleration-deceleration injury, colloquially known as "shaken-baby syndrome." Accordingly, both experts opined that the child had been abused.

The jury found defendant guilty of one count of first-degree and one count of second-degree child abuse. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to serve 33 to 50 years of imprisonment for his first-degree child-abuse conviction and 25 to 50 years of imprisonment for his second-degree child-abuse conviction.

-1-

This appeal followed.

## II. ANALYSIS

*Jury Instruction*. On appeal, defendant first argues that the trial court erred by declining to issue a modified jury instruction on "knowingly" causing harm for first-degree child abuse. This Court reviews for an abuse of discretion the trial court's decision regarding whether a specific jury instruction applies in a defendant's case. *People v Armstrong*, 305 Mich App 230, 239; 851 NW2d 856 (2014). The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or when it makes an error of law. *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013).

The trial court issued the model jury instruction for first-degree child abuse, which provides in pertinent part:

> The defendant is charged with the crime of first-degree child abuse. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> * * *
>
> . . . that the defendant either knowingly or intentionally caused [serious physical harm/serious mental harm] to [*name child*]. [M Crim JI 17.18(1) and (4) (brackets in original).]

Defendant argued that the trial court should issue an additional instruction indicating that the statute required the prosecutor to prove that defendant "did an act or acts intending to cause serious physical harm or did an act or acts knowing it would cause serious physical harm." The trial court declined defendant's proposed supplemental instruction and issued the standard jury instruction.

Defendant argues that the trial court erred by denying his motion to supplement the standard jury instruction. We disagree. It is hard to tell what is captured by defendant's proposed instruction that was not already presented by the standard instruction. Given the Supreme Court's conclusion in *People v Maynor*, 470 Mich 289, 295-296; 683 NW2d 565 (2004), that the standard jury instruction for first-degree child abuse correctly focuses the jury's analysis on the issue of intent, we are unable to conclude that the trial court's decision is outside the range of reasonable and principled outcomes. Defendant's claim is without merit.

*Expert Testimony*. Defendant next challenges the trial court's admission of the expert testimonies of Dr. Inman and Dr. May. Defendant did not challenge the admission of this testimony at trial. Thus, our review is for plain, outcome-determinative error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant argues that the trial court abused its discretion by admitting the expert testimonies because there is a controversy in the medical field regarding acceleration-deceleration injuries. Defendant further argues that the trial court erred by failing to hold a

*Daubert*[1] hearing before admitting the evidence, and that such a hearing would have revealed this controversy. We disagree.

First, defendant has waived any challenge to the lack of a *Daubert* hearing by his counsel's statement to the trial court that defendant would not seek such a hearing.[2] *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010). Second, even if defense counsel had sought a *Daubert* hearing, the record confirms that the expert testimony was admissible. The Supreme Court has recognized that there is a "prominent controversy within the medical community" regarding acceleration-deceleration injury diagnoses. *People v Ackley*, 497 Mich 381, 391-392; 870 NW2d 858 (2015). Yet, this controversy does not preclude the trial court from admitting the expert testimony if it is based upon reliable scientific principles. *People v Unger*, 278 Mich App 210, 217-218; 749 NW2d 272 (2008). Here, defendant has not provided any evidence from which this Court could conclude that the experts' testimony was not based upon reliable scientific principles. Indeed, it is hard to conclude that the experts' testimony was unreliable when the experts themselves acknowledged the controversy surrounding acceleration-deceleration injury diagnoses. Defendant's claim is without merit.

*Photographic Evidence.* Defendant argues that the trial court erred by admitting more than 100 photographs depicting the child's injuries. "Photographic evidence is generally admissible as long as it is relevant, MRE 401, and not unduly prejudicial, MRE 403. Exclusion is required under MRE 403 when the danger of unfair prejudice substantially outweighs the probative value of the evidence." *People v Brown*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 339318); slip op at 3 (cleaned up). "Generally, photographs that are merely calculated to arouse the sympathies or prejudices of the jury should not be admitted." *Id.* at ___; slip op at 4 (cleaned up). Nevertheless, "if a photograph is otherwise admissible for a proper purpose, it is not rendered inadmissible merely because it brings vividly to the jurors the details of a gruesome or shocking accident or crime." *Id.* (cleaned up). "A decision on the admissibility of photographs cannot be based solely on the graphic nature of photographs." *Id.* We review the trial court's decision to admit photograph evidence for an abuse of discretion. *People v McDaniel*, 469 Mich 409, 412; 670 NW2d 659 (2003).

In this case, defendant—on his own behalf, before trial—specifically objected to admitting photographs on the ground that they were substantially more prejudicial than probative. The trial court failed to rule on the issue. The trial court has a responsibility to

---

[1] *Daubert v Merrell Dow Pharm, Inc*, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993). MRE 702 incorporates the *Daubert* standards of reliability. *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 781; 685 NW2d 391 (2004).

[2] We earlier denied defendant's motion to remand for a *Daubert* hearing and to present a claim of ineffective assistance of counsel for his counsel's decision to forego a *Daubert* hearing. *People v Bebee*, unpublished order of the Court of Appeals, entered October 30, 2018 (Docket No. 339760). Because a *Daubert* hearing would not have resulted in the exclusion of the challenged expert testimony, defendant's claim of ineffective assistance of counsel would likewise be without merit.

carefully review proffered photographs and determine whether they are admissible. See *People v Mills*, 450 Mich 61, 78; 537 NW2d 909 (2008), mod 450 Mich 1212 (1995). Accordingly, we conclude that the trial court erred by admitting the photographs without reviewing them. Nonetheless, this error is harmless because we conclude that the photographs were admissible. MCL 769.26.

Each photograph here depicts either a different injury or pattern of bruises on a specific part of the child's body or a different angle of the injury. In a case, such as this one, where the defendant is charged with abusing a child, photographic evidence of the child's injuries is particularly probative. *See Brown*, ___ Mich App at ___; slip op at 4. Indeed, experts in this case testified that the number and location of the child's injuries formed the basis of their conclusion that the child had been abused. The admission of these photographs corroborated the experts' testimony and demonstrated defendant's intent to cause serious harm to the child. See *id*. The photographs were not inadmissible merely because they were numerous or because they depicted the graphic injuries defendant inflicted upon the child. *Id*. Defendant's claim is without merit.

*Testimony of the Child's Mother*. In a brief filed *in propria persona*, defendant argues that the trial court should not have allowed the child's mother to testify because she had been coerced into testifying by having her parental rights threatened. The record does not support defendant's argument.

Prosecutorial intimidation of witnesses may violate a defendant's constitutional right to a fair trial. *People v Pena*, 383 Mich 402, 406; 175 NW2d 767 (1970). In this case, the child's mother testified that there was a petition to terminate her parental rights, but that she was not receiving any consideration regarding that petition for testifying against defendant. Rather, the child's mother stated that she was testifying because she had not been a good mother and "it's my last chance or opportunity to protect [the child] the best that I can and be that voice he needs." Because the record is devoid of any indication that the child's mother was coerced into testifying, defendant's claim is without merit.

*Sentencing*. Defendant argues that the record did not support assessing points under offense variables (OVs) 3, 4, and 10, and that trial counsel rendered ineffective assistance by failing to challenge these assessments. The proper interpretation and application of the sentencing guidelines is a legal question that this Court reviews de novo. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation which an appellate court reviews de novo." *Id*. A claim of ineffective assistance of counsel presents a mixed question of law and fact. *People v Hunter*, 493 Mich 1015; 829 NW2d 871 (2013). We review questions of law de novo and the trial court's factual findings for clear error. *Id*.

The trial court assessed 25 points under OV 3. MCL 777.33(c) requires that the trial court assess OV 3 at 25 points when "[l]ife threatening or permanent incapacitating injury occurred to a victim." Defendant argues that 25 points was inappropriate because there was no

evidence that the child received a life-threatening or permanent injury. We disagree. Dr. Inman testified that the child's injuries were life threatening. Indeed, the doctor was "surprised" that the child survived, given the "extent of his injuries." Dr. Inman's testimony was corroborated by other witnesses and, given the fact that the child had severe bleeding in his brain, a conclusion that the child's injuries were life-threatening appears inescapable. 25 points was appropriate under OV 3.

The trial court scored OV 4 at 10 points. MCL 777.34(1)(a) requires the trial court to score 10 points for OV 4 if a "[s]erious psychological injury requiring professional treatment occurred to a victim." "The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *Armstrong*, 305 Mich App at 247.

Defendant argues that the trial court erred by assessing 10 points because there was no record evidence that the child suffered a psychological injury. We disagree. The child's injuries occurred, at least in part, in the bathtub. The child's foster parent testified at defendant's sentencing that the child responded to attempts to take baths by fighting, kicking, screaming, and yelling, "[N]o, good boy." The child's foster parent also testified that the child did not sleep well and had nightmares, presumably resulting from his time with defendant. See *People v McChester*, 310 Mich App 354, 363; 873 NW2d 646 (2015). The record supports the trial court's score of 10 points for OV 4.

The trial court scored OV 10 at 10 points. MCL 777.40(1)(b) directs the trial court to assess 10 points under OV 10 if "[t]he offender exploited a victim's disability, mental disability, youth or agedness, or a domestic relationship." Defendant argues that scoring 10 points was inappropriate under OV 10 because a difference in age does not automatically equate to exploiting a vulnerability. We disagree that 10 points was not appropriate under OV 10. Defendant is the child's father and, until the child's removal from his care, was the child's caregiver. By perpetrating the abuse on his son on what appears to be multiple occasions, defendant exploited his parental relationship with the child. The young child simply could not escape the abuse given the familial relationship and his youth. Moreover, the child's aversion to baths, specifically his comment to his foster parents that he was a "good boy," indicates that the abuse took place, at least in part, in the context of defendant disciplining the child. Defendant exploited his right to discipline the child to perpetrate the abuse for which he was convicted. Ten points was appropriate under OV 10.

Finally, in a brief filed *in propria persona*, defendant argues that his sentences were not proportionate to the seriousness of his offense. Because defendant's sentence was within the guidelines range, it is presumed proportionate and must be affirmed on appeal. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Defendant's claim is without merit.

Affirmed.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Amy Ronayne Krause