PEOPLE v HOOPER

Docket No. 84503. Submitted December 8, 1986, at Detroit. Decided February 17, 1987. Leave to appeal applied for.

Larry E. Hooper was convicted on a charge of delivering cocaine, following a jury trial in the Otsego Circuit Court. The trial court, William A. Porter, J., sentenced defendant to from twenty to thirty years in prison. Defendant appealed, claiming that a proposed defense witness, who earlier had been convicted of a charge relating to the same drug transaction but had yet to be sentenced at the time he would have testified on behalf of defendant, had been improperly threatened or intimidated from testifying by the prosecutor who warned that the witness would be impeached and charged with perjury should the witness' testimony differ from statements the witness gave to the probation officer who prepared the witness' presentence report. The Court of Appeals affirmed defendant's conviction on July 10, 1984, in an unpublished per curiam opinion (Docket No. 65159). On application for leave to appeal to the Supreme Court, that Court vacated the judgment of the Court of Appeals and directed the Court of Appeals to remand the case to the trial court for an evidentiary hearing on defendant's claim, 422 Mich 875 (1985). On remand, the trial court ruled that the witness had not been improperly threatened or intimidated. Defendant appealed.

The Court of Appeals *held:*

1. The statute preserving the confidentiality of presentence reports, where it directly conflicts with the equally protected rights of confrontation or, as in this case, impeachment through use of prior inconsistent statements, must give way to those rights.

2. In this case, no threats were made to the witness which could be attributed to the prosecution. The prosecutor's threat

REFERENCES

Am Jur 2d, Criminal Law §§ 596, 825 *et seq.*

Defendant's right to disclosure of presentence report. 40 ALR3d 681.

See also the annotations in the Index to Annotations under Due Process.

of impeachment was not intimidation and it was the defendant's attorney and the witness' attorney, not the prosecutor, who advised the witness of the possibility of a perjury charge.

Affirmed.

1. Criminal Law — Constitutional Law — Presentence Reports — Impeachment.

The statute preserving the confidentiality of presentence reports, where it conflicts with the rights of confrontation and impeachment through use of prior inconsistent statements, must give way to those rights (MCL 791.229; MSA 28.2299).

2. Criminal Law — Constitutional Law — Due Process — Witnesses — Impeachment — Presentence Reports.

A defendant is not denied due process of law when a proposed witness on his behalf decides not to testify after the prosecutor warned that the witness would be impeached through the use of prior inconsistent statements if his testimony should differ from statements given by the witness to his probation officer and reflected in the witness' presentence report, prepared following the witness' conviction on a charge relating to the factual circumstances from which the charge against the defendant also arose.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Norman R. Hayes,* Prosecuting Attorney, and *Tonatzin M. Alfaro Garcia,* Assistant Attorney General, for the people.

*Sheldon Halpern,* for defendant on appeal.

Before: Gribbs, P.J., and Cynar and N. J. Kaufman,* JJ.

Per Curiam. Following a jury trial in Otsego Circuit Court in 1982, defendant was convicted of delivery of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), and was sentenced to a mandatory twenty- to thirty-year prison term. Defendant appealed his conviction as of right, and this Court

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

affirmed in an unpublished per curiam opinion on July 10, 1984, (Docket No. 65159).

Defendant sought leave to appeal to the Supreme Court. In lieu of granting leave to appeal, the Supreme Court vacated this Court's judgment and reversed the order denying defendant's motion to remand. 422 Mich 875 (1985). The Supreme Court remanded the case to this Court, with directions to retain jurisdiction while remanding the case to the Otsego Circuit Court for an evidentiary hearing on defendant's claim that a defense witness was intimidated from testifying by the witness' probation officer's threat to reveal information which was confidential under MCL 791.229; MSA 28.2299.

On remand, after an evidentiary hearing and oral argument, the circuit court issued a written opinion, finding that the defense witness was not improperly threatened or intimidated from testifying.

The case is now again before this Court, limited to the issue of whether potential defense witness Theodore Rhode was intimidated from testifying. Having reviewed the proceedings below and the trial court's findings, we are satisfied that defendant was accorded a fair trial and that no violation of his constitutional rights occurred.

Drug charges were filed against both defendant and Rhode for their participation in a sale of cocaine. Rhode was convicted by jury, but, at the time of defendant's trial, had not yet been sentenced. Defendant asserted a defense of "mere presence," on the basis that he had no connection with the drug transaction.

Prior to defendant's trial, his attorney, James L. Feinberg, anticipated calling codefendant Rhode as a defense witness. After the prosecution rested, Feinberg announced at a conference in chambers

that he would call Rhode as a witness. The assistant prosecutor informed Feinberg that he would use statements given by Rhode in his presentence report if Rhode's trial testimony differed from his version of the offense in the presentence report.

Feinberg discussed the presentence report, and its implications, with defendant and Rhode. Feinberg advised Rhode that impeachment of his testimony would hurt defendant, and that the prosecutor could bring perjury charges against him if his testimony substantially differed from the presentence report. Rhode's attorney, Gail Benson, also discussed with Rhode the potential for a perjury charge. The trial court found after the evidentiary hearing that it had been agreed among both defense attorneys, as well as Rhode and defendant, that Rhode should not testify on defendant's behalf. Rhode testified that it was his decision not to testify at defendant's trial, but the trial court found that Feinberg feared jeopardizing his case if Rhode testified and was impeached. The trial court concluded that the decision not to call Rhode was based on trial strategy.

Defendant argues that Rhode was intimidated from testifying by prosecutorial threats to reveal the confidential information Rhode had given to his probation officer in preparation of his presentence report. Defendant argues that, although the prosecutor did not threaten Rhode directly, the threat of impeachment and a possible perjury charge was conveyed from the prosecutor to Rhode via defense counsel Feinberg. Defendant asserts that use of information in a presentence report violates the statute calling for this information to remain confidential.

MCL 791.229; MSA 28.2299 provides:

    All records and reports of investigations made

by a probation officer, and all case histories of probationers shall be privileged or confidential communications not open to public inspection. Judges and probation officers shall have access to the records, reports, and case histories. The probation officer, the assistant director of probation, or the assistant director's representative, shall permit the attorney general, the auditor general, and law enforcement agencies to have access to the records, reports, and case histories. The relation of confidence between the probation officer and probationer or defendant under investigation shall remain inviolate.

This Court has previously recognized that this statute, preserving the confidentiality of presentence reports, may directly conflict with the equally protected rights of confrontation and impeachment through use of prior inconsistent statements. *People v Rohn,* 98 Mich App 593, 599; 296 NW2d 315 (1980), lv den 410 Mich 876 (1980). The *Rohn* Court noted that the need for confidentiality must sometimes give way to other stronger interests, and concluded that the need for impeachment of criminal accusations outweighed any need for confidentiality of presentence reports. *Id.,* 599-600. The *Rohn* panel made it clear that their holding did not permit wholesale access to these confidential records:

> We hold only that when records of prior inconsistent statements of witnesses are necessary for effective cross-examination, they should be made available to the defendant. An *in camera* inspection procedure should be utilized by the court to limit disclosure to those statements materially inconsistent with the witness' testimony. [*Id.,* 600.]

The issue in *Rohn* was whether a defendant could use statements in a presentence report to

impeach prosecution witnesses. In the instant case, the issue is whether the prosecutor may use pre-sentence-report statements to impeach a defense witness. Impeachment of witnesses by their prior inconsistent statements is an important cross-examination tool whether the witness is for the prosecution or for the defense. Assuming that the purpose of the confidentiality of the presentence report is to encourage full disclosure, and assuming the possibility of impeachment with these statements may discourage full disclosure, it matters not, in weighing impeachment versus confidentiality, whether the subsequent impeachment comes from the prosecutor or from the defense counsel. To the convicted person, the threat of a possible breach of confidentiality is the same. The very limited breach of confidentiality sanctioned by *Rohn* is no greater a breach when the prosecutor uses the information for impeachment than when the defense counsel does.

Moreover, the statute specifically instructs the probation officer to permit the Attorney General and law enforcement agencies to have access "to the records, reports, and case histories." As the trial court noted, the statute, while specifying that the case reports are not to be "open to public inspection," still permits judges, probation officers, and law enforcement agencies to have access to them, apparently distinguishing the latter from the general public. We do not disagree with the trial court's conclusion that the Legislature contemplated the use of this information by the various officers enumerated in the statute. Cf., *Havens v Roberts,* 139 Mich App 64, 68; 360 NW2d 183 (1984) (insurance company denied access to probation-officer reports).

Defendant points out that prosecutorial intimidation of a proposed defense witness has consistently been regarded as improper by our state and

federal appellate courts. *People v Pena,* 383 Mich 402; 175 NW2d 767 (1970); *People v Butler,* 30 Mich App 561; 186 NW2d 786 (1971); *People v Callington,* 123 Mich App 301; 333 NW2d 260 (1983); *United States v Thomas,* 488 F2d 334 (CA 6, 1973). Federal courts have also held that attempts by the prosecution to intimidate witnesses from testifying, if successful, amount to a denial of a defendant's constitutional right to due process of law. *Thomas, supra; United States v Morrison,* 535 F2d 223 (CA 3, 1976); *United States v MacCloskey,* 682 F2d 468 (CA 4, 1982); *United States v Hammond,* 598 F2d 1008 (CA 5, 1979). A threat from an FBI agent or secret service agent is attributable to the prosecution. *Thomas, supra; Hammond, supra.*

However, courts have distinguished these cases based on whether the prosecution *directly* contacted or threatened the potential defense witness. *United States v Teague,* 737 F2d 378 (CA 4, 1984); *United States v Whittington,* 783 F2d 1210, 1219 (CA 5, 1986). In this case, no threats were made to witness Rhode which could be attributed to the prosecution. We do not consider the prosecutor's threat of impeachment to be intimidation. It was the defense attorneys, not the prosecutor, who brought up the possibility of perjury with witness Rhode. Moreover, the prosecutor announced the possibility of impeachment in chambers, not in the presence of the witness or the jury, just as the *Callington* Court recommended to avoid the appearance of intimidation.

The trial court in this case found that the state took no action to intimidate Rhode to keep him from testifying. Nothing in the record causes us to disturb that finding. Defendant was not denied his right of due process.

Affirmed.