*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
June 16, 2022

v

No. 355943
Ogemaw Circuit Court
LC No. 13-004013-FC

NEAL HAVILAND ERICKSON,

Defendant-Appellant.

## ON REMAND

Before: MURRAY, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

In this appeal, defendant raised two related evidentiary issues decided by the trial court prior to trial. First, defendant challenged the trial court's ruling that statements defendant made during a prior sentencing hearing were admissible for impeachment purposes in his upcoming trial. Second, defendant challenged the trial court's ruling that his written statement, submitted with the presentence investigation report (PSIR) regarding why he was entitled to leniency, could also be used for impeachment. We affirmed the trial court's order, and remanded for the trial to take place. *People v Erickson*, __ Mich App __; __ NW2d __ (2021). On defendant's application, the Supreme Court denied leave to appeal, but remanded for us to reconsider the issue of whether the statement attached to the PSIR could be used at trial in light of MCL 791.229. Although the Supreme Court recognized that this Court addressed that issue in our prior opinion it concluded we had not done so definitively. *People v Erickson*, __ Mich __; 972 NW2d 843 (2022). We again affirm.

With regard to the statements in the PSIR, defendant argues that MCL 791.229 bars their admission. MCL 791.229 states:

> Except as otherwise provided by law, all records and reports of investigations made by a probation officer, and all case histories of probationers shall be privileged or confidential communications not open to public inspection. Judges and probation officers shall have access to the records, reports, and case

-1-

histories. The probation officer, the assistant director of probation, or the assistant director's representative shall permit the attorney general, the auditor general, and law enforcement agencies to have access to the records, reports, and case histories and shall permit designated representatives of a private contractor that operates a facility or institution that houses prisoners under the jurisdiction of the department to have access to the records, reports, and case histories pertaining to prisoners assigned to that facility. The relation of confidence between the probation officer and probationer or defendant under investigation shall remain inviolate.

In several civil decisions, we have previously concluded that "the language of the statute is absolute." *Peters v Bay Fresh Start Inc*, 161 Mich App 491, 497; 411 NW2d 463 (1987). Accord: *Havens v Roberts*, 139 Mich App 64, 67-68; 360 NW2d 183 (1984). Yet, despite this conclusion, the *Peters* Court also agreed with prior decisions that there are times in which greater rights—constitutional rights and certain trial rights—override the absolute nature of the statute. *Peters*, 161 Mich App at 497-498.

The prosecutor relies on these earlier decisions, specifically *People v Rohn*, 98 Mich App 593; 296 NW2d 315 (1980), overruled on other grounds by *People v Perry*, 460 Mich 55; 594 NW2d (1999), in support of the trial court's decision allowing the use of the statement for impeachment. The defendant in *Rohn*, convicted of murder, had sought access for impeachment purposes to those portions of the PSIRs of three prosecution witnesses that related the witnesses' version of the murder in question. *Rohn*, 98 Mich App at 598-599. The Court stated that MCL 791.229, "preserving the confidentiality of presentence reports, may directly conflict with the equally protected rights of confrontation and impeachment through prior inconsistent statements." *Id*. at 599. It added, "[w]here there is such a conflict, we believe that confidentiality must give way to other stronger interests." *Id*. The Court spoke about the right of confrontation and stated:

> Although the defendants' interests differ, the *Davis*[1] defendant sought to impeach to show a witness's bias while Rohn wants to impeach to attack the credibility of incriminating information, we agree that the latter impeachment is as equally necessary as the former. It is critically important that any finding of guilt or any sentence be predicated on accurate information. See *People v Malkowski*, 385 Mich 244, 249; 188 NW2d 559 (1971). Thus, we must conclude that *the need for impeachment of criminal accusations outweighs any need for confidentiality of presentence reports*. This does not mean that defendants should receive wholesale access to the confidential records of others. We hold only that when records of prior inconsistent statements of witnesses are necessary for effective cross-examination, they should be made available to the defendant. An in camera inspection procedure should be utilized by the court to limit disclosure to those statements materially inconsistent with the witness's testimony. [*Id*. at 600 (emphasis added).]

The prosecutor also cites *People v Hooper* (*After Remand*), 157 Mich App 669; 403 NW2d 605 (1987), where charges were filed against the defendant and another person, Theodore Rhode,

---

[1] *Davis v Alaska*, 415 US 308; 94 S Ct 1105; 39 L Ed2d 347 (1974).

in connection with the sale of cocaine. *Id*. at 671. The defendant raised a "mere presence" defense, and at the time of his trial, Rhode had already been convicted and was awaiting sentencing. *Id*. This Court explained:

> Prior to defendant's trial, his attorney, James L. Feinberg, anticipated calling codefendant Rhode as a defense witness. After the prosecution rested, Feinberg announced at a conference in chambers that he would call Rhode as a witness. The assistant prosecutor informed Feinberg that he would use statements given by Rhode in his presentence report if Rhode's trial testimony differed from his version of the offense in the presentence report. [*Id*. at 671-672.]

"[T]he trial court found that Feinberg feared jeopardizing his case if Rhode testified and was impeached" and that "the decision not to call Rhode was based on trial strategy." *Id*. at 672.

The defendant asserted on appeal that Rhode had been intimidated into not testifying and asserted that "use of information in a presentence report violates the statute calling for this information to remain confidential." *Id*.[2] The *Hooper* Court discussed *Rohn* and stated:

> The issue in *Rohn* was whether a defendant could use statements in a presentence report to impeach prosecution witnesses. In the instant case, the issue is whether the prosecutor may use presentence-report statements to impeach a defense witness. *Impeachment of witnesses by their prior inconsistent statements is an important cross-examination tool whether the witness is for the prosecution or for the defense.* Assuming that the purpose of the confidentiality of the presentence report is to encourage full disclosure, and assuming the possibility of impeachment with these statements may discourage full disclosure, it matters not, in weighing impeachment versus confidentiality, whether the subsequent impeachment comes from the prosecutor or from the defense counsel. To the convicted person, the threat of a possible breach of confidentiality is the same. *The very limited breach of confidentiality sanctioned by Rohn is no greater a breach when the prosecutor uses the information for impeachment than when the defense counsel does.* [*Id*. at 673-674 (emphases added).]

The Court also stated:

> Moreover, the statute specifically instructs the probation officer to permit the Attorney General and law enforcement agencies to have access "to the records, reports, and case histories." As the trial court noted, the statute, while specifying that the case reports are not to be "open to public inspection," still permits judges, probation officers, and law enforcement agencies to have access to them, apparently distinguishing the latter from the general public. We do not disagree with the trial

---

[2] The material provisions of MCL 791.229 were the same at the time *Hooper* was decided as they are now. See *id*. at 672-673.

court's conclusion that the Legislature contemplated the use of this information by the various officers enumerated in the statute. [*Id*. at 674.]

Importantly, integral to the *Hooper* Court's conclusion concerning witness intimidation was its parallel conclusion that the information from the PSIR was, in fact, available for impeachment purposes.

In light of *Rohn* and *Hooper*, we cannot conclude that the trial court erred in ruling that MCL 791.229 allowed introduction of defendant's prior statement from the PSIR for impeachment purposes.[3] First, both *Rohn* and *Hooper* made clear that the importance of impeachment (whether done by defendant or the prosecution) to the search for the truth can overcome the confidentiality of the statute. Second, the statute does not speak to the admissibility of reports or statements attached to the report but instead speaks only to the confidentiality of the reports in terms of "disclosure to the public," and who is able to access the reports and information. Indeed, as others have noted, there are several positions and entities related to the court system—including judges and the attorney general—that are statutorily allowed access to the reports. See *Hooper*, 157 Mich App at 674. Thus, if defendant chooses to testify and testifies inconsistently with his prior statement made a part of the PSIR, MCL 791.229 does not foreclose its use by the prosecution for impeachment.

Affirmed.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Michael J. Riordan

---

[3] Both *Rohn* and *Hooper*, as well as *Peters*, were discussed in *Howe v Detroit Free Press, Inc*, 440 Mich 203, 215-217; 487 NW2d 374 (1992), but that Court ultimately decided that case on a waiver issue, as opposed to the extent of the statute's confidentiality provision.