HAVENS v ROBERTS

Docket No. 71946. Submitted May 9, 1984, at Detroit.—Decided September 11, 1984.

Kim Roberts participated in an attempted robbery of the home of Howard R. Havens and his wife, Vonnie Havens. During the course of the attempted robbery, Mr. Havens was shot. The Havenses filed a negligence action against Kim Roberts and her father, Robert Roberts, in St. Clair Circuit Court. Nationwide Insurance Company, which had issued a homeowners' insurance policy to Robert Roberts, hired counsel to defend both Robertses, but reserved the right to deny coverage under the policy. The claim against Robert Roberts was settled, and the Havenses obtained a judgment against Kim Roberts. The Havenses then began garnishment proceedings against Nationwide, contending that it had an obligation to satisfy the judgment pursuant to the insurance policy issued to Robert Roberts. The policy excluded coverage for bodily injury caused intentionally by or at the direction of an insured. Nationwide relied on that exclusion to deny liability for payment of the judgment against Kim Roberts, who was an insured under the policy. The court, Ernest F. Oppliger, J., granted the Havenses' motion for summary judgment on the issue of Nationwide's liability on the ground that there was no genuine issue of material fact, the judgment against Roberts having been based on a theory of negligence. Nationwide appeals. *Held:*

1. The doctrine of res judicata does not prevent Nationwide from asserting a defense based on the policy's intentional act exclusion because the parties were not the same as in the original action.

2. Nationwide may properly contest coverage since it specifically reserved the right to contest coverage.

3. The trial court erred in finding that there was no genuine issue of material fact since one of Kim Roberts' accomplices stated that Ms. Roberts directed the accomplice to shoot Ha-

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments §§ 406, 407, 477.
[2] 6 Am Jur 2d, Attachment and Garnishment §§ 363, 384.
[3] 23 Am Jur 2d, Depositions and Discovery § 436.

vens. If it can be proven that Ms. Roberts acted intentionally rather than negligently, the intentional act exclusion might apply and preclude Nationwide from being liable for the judgment against Kim Roberts. The case must be reversed and remanded for further proceedings.

4. On remand, Nationwide should be given the opportunity to present evidence to support its allegation that Ms. Roberts acted intentionally, but the probation officer's report which contains the accomplice's statement that Ms. Roberts directed the accomplice to shoot Havens is absolutely privileged and is not subject to discovery.

Reversed and remanded

1. JUDGMENTS — RES JUDICATA.

The doctrine of res judicata bars a cause of action if: (1) the prior action was decided on the merits; (2) the issue raised in the second case was raised in the first; and (3) both actions involve the same parties or their privies.

2. GARNISHMENT — INSURANCE — DEFENSES —- EXCLUSIONARY CLAUSES.

A garnishee defendant is generally barred from challenging the validity of the judgment entered in the original action; however, a garnishee insurer may raise an exclusionary clause as a defense if that issue has been preserved.

3. EVIDENCE — DISCOVERY — PROBATION OFFICERS' REPORTS.

Probation officers' reports are absolutely priviledged and cannot be the subject of discovery (MCL 791.229; MSA 28.2299).

*James T. Miller,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Robert G. Kamenec),* for Nationwide Insurance Company.

Before: WAHLS, P.J., and T. M. BURNS and P. C. ELLIOT,* JJ.

PER CURIAM. The trial court granted summary judgment in favor of plaintiffs and against garnishee-defendant Nationwide Insurance Company on the ground that there was no genuine issue of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

material fact. GCR 1963, 117.2(3). Garnishee-defendant appeals as of right.

Kim Roberts, while living in Robert Roberts's household, participated in the commission of a robbery. During the course of this robbery, Howard R. Havens was shot.

The plaintiffs then brought a negligence action against Defendants Robert and Kim Roberts. Nationwide hired counsel to defend both Robertses, but reserved the right to deny coverage. Plaintiffs obtained a judgment against Kim Roberts.

Howard and Vonnie Havens then proceeded to garnish defendant Nationwide Insurance Company contending that Nationwide had an obligation to satisfy the judgment pursuant to a homeowner's policy issued to Robert Roberts. That policy excluded coverage for bodily injury "caused intentionally by or at the direction of an Insured". Kim Roberts was insured under the policy.

We first consider whether the previous judgment against Kim Roberts based on negligence precludes the insurance company from asserting a defense based on the policy's intentional act exclusion. The doctrine of res judicata bars a cause of action if: (1) the prior action was decided on the merits; (2) the issue raised in the second case was raised in the first; and (3) both actions involve the same parties or their privies. *San Joaquin County, California v Dewey,* 105 Mich App 122, 130-131; 306 NW2d 418 (1981).

We feel that it would be improper to apply the doctrine of res judicata to this case. The parties are not the same. It was in Kim Roberts's best interest to have any judgment against her based upon negligence so that the exclusion would not apply and Nationwide, rather than herself, would have to pay. Her lawyer, although hired by Nationwide to represent her, was ethically bound to

represent her best interests. Nationwide is now entitled to argue that the exclusion is applicable. In *American Surety Co of New York v Coblentz,* 381 F2d 185 (CA 5, 1967), the Court of Appeals for the Fifth Circuit considered facts very similar to those in the instant case. The Court stated:

"The court below, by its judgment, concluded that the state court 'finding' that the fatal shooting was due to the insured's 'negligence' and was therefore an 'accident' within the terms of the policy was binding upon appellant and could not be attacked in garnishment proceedings. Appellant merely asks that it be given the opportunity to raise this issue as a defense to garnishment. Both our sense of justice and the case law convinces us that appellant may not properly be precluded from raising this issue and that the summary judgment rendered below must be reversed." 381 F2d 187.

We note that the general rule is that the garnishee defendant is generally barred from challenging the validity of the judgment entered in the original action. *Morrill v Gallagher,* 370 Mich 578, 586-587; 122 NW2d 687 (1963). An insurer may, however, raise an exclusionary clause as a defense if that issue has been preserved. *Morrill, supra.* In the instant case, Nationwide agreed to defend the original action while specifically reserving the right to contest coverage. Nationwide may now properly contest coverage.

We next consider whether the trial court erred in finding that there was no genuine issue of material fact. Garnishee-defendant argues that there was an issue of material fact, claiming that one of Kim Roberts's accomplices in the robbery stated that Ms. Roberts directed the accomplice to shoot Mr. Havens. Apparently the accomplice gave this statement to his probation officer. Probation officers' reports are absolutely privileged and can-

not be a subject of discovery. MCL 791.229; MSA 28.2299. Nationwide's allegation,, however, raises factual questions which make the grant of summary judgment improper. This case should, therefore, be reversed and remanded for further proceedings. On remand, Nationwide should be given the opportunity to present admissible evidence to support its allegation. The trial court may continue to properly exercise its discretion in limiting discovery. We note that on appeal Nationwide continues to argue that it should be given the opportunity to review the probation officer's files. This report is absolutely privileged and cannot be a subject of discovery. As stated in the statute, this confidence "shall remain inviolate". MCL 791.229; MSA 28.2299.

Reversed and remanded for proceedings consistent with this opinion.