STEVENS MINERAL COMPANY v STATE OF MICHIGAN

Docket No. 96433. Submitted August 18, 1987, at Grand Rapids. Decided December 7, 1987. Leave to appeal applied for.

Gertie Stevens conveyed 3,600 acres of land in Montmorency County to the State of Michigan in a warranty deed executed in 1951. Under the terms of the deed, Stevens reserved the right to operate, produce, and remove oil, gas, and other minerals, except sand and gravel for a period of thirty years or, if at the end of thirty years minerals "were being operated and produced," until production in paying commercial quantities ceased. The deed further provided that at the end of thirty years or the termination of production operations, Stevens' right would terminate and complete fee title would pass to the State of Michigan. Stevens died in 1960 and, throughout the thirty-year period from 1951 to 1981, no operation or production to remove oil, gas, or minerals from the conveyed property was commenced by Stevens or Stevens Mineral Company, the successor in title to Stevens' reserved interest. Stevens Mineral Company brought an action against the State of Michigan in Montmorency Circuit Court, seeking to have declared void defendant's interest in the mineral rights associated with the property. The trial court, Joseph P. Swallow, J., granted summary disposition in defendant's favor, ruling that plaintiff had failed to state a claim upon which relief can be granted, and declared that defendant holds fee simple absolute title, including all mineral rights, in the property. Plaintiff appealed.

The Court of Appeals held:

1. The plain language of the deed in this case granted to defendant fee ownership of the property and the minerals therein, subject only to Stevens' and her successors' right under a profit a prendre to remove minerals for thirty years or until

REFERENCES

Am Jur 2d, Easements and Licenses § 4.
Am Jur 2d, Mines and Minerals § 120.
Am Jur 2d, Perpetuities and Restraints on Alienation § 49.
Am Jur 2d, Property §§ 13, 14, 17.
Preemptive rights to realty as violation of rule against perpetuites or rule concerning restraints on alienation. 40 ALR3d 920.

termination of production. Defendant's interest in both the property and the minerals was therefore vested at the time the deed was executed. Since defendant's interest vested immediately, it may not be voided by application of the rule against perpetuities.

2. Since the rule against perpetuities does not apply in this case, the statute providing that the rule against perpetuities shall not invalidate a grant for public-welfare purposes also does not apply.

3. Since the deed did not create a terminable interest in defendant with a right of reversion to Stevens or her successors in interest, the statute limiting the duration of possibilities of reverter and right of entry in conveyances of real property does not apply to this case.

4. Although summary disposition in this case is more proper on the basis of a lack of a genuine issue of material fact, and not for failure to state a claim as the trial court ruled, the trial court's error was harmless since it reached the right result.

Affirmed.

1. DEEDS — RESERVATIONS IN DEEDS — MINERAL RIGHTS.

A deed of land ordinarily conveys the soil and all which it contains within the boundaries of the description in the deed; however, ownership of minerals in place may be severed from the remainder of the land by a reservation or exception in the deed.

2. DEEDS — RESERVATIONS IN DEEDS — MINERAL RIGHTS.

If the grantor retains title to the mineral interests in a deed, it is an exception; at common law, this creates a fee estate in the minerals, a corporeal hereditament, and the deed conveys no interest in the excepted part to the grantee.

3. DEEDS — RESERVATIONS IN DEEDS — MINERAL RIGHTS.

A reservation of mineral rights to property conveyed vests fee title to the land and mineral rights in the grantee, but creates a legal fiction which treats the grantor's reservation as an implied grant from the grantee back to the grantor; a reservation is normally an incorporeal hereditament, like rent or a profit a prendre.

4. PROPERTY — PROFIT A PRENDRE.

A profit a prendre is a right growing out of land involving primarily a power to acquire, by severance or removal from another's land, some things previously constituting a part of the land; a reservation in a deed of conveyance providing for

the grantor's right to operate, produce, and remove minerals from a property is a profit a prendre.

*E. Dan Stevens,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Gary L. Hicks,* Assistant Attorneys General, for defendant.

Before: MacKenzie, P.J., and Doctoroff and J. C. Kingsley,* JJ.

MacKenzie, P.J. Plaintiff appeals as of right from an opinion and order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(8). We affirm.

On December 17, 1951, Gertie Stevens executed a warranty deed conveying 3,600 acres of land in Montmorency County to the State of Michigan (defendant). In the deed, Stevens reserved the right to operate, produce, and remove oil, gas, and other minerals, except sand and gravel. This right was to last for thirty years or, if at the end of thirty years minerals "were being operated and produced," until production in paying commercial quantities ceased. The deed further provided that at the end of thirty years or the termination of operations, the grantor's right would terminate and complete fee title would pass to defendant.

Gertie Stevens died in 1960. Plaintiff, a partnership comprised of her descendants, is successor in title to her interest, if any, in the land. During the thirty-year period of reservation, from 1951 through 1981, no operation or production to remove oil, gas, or minerals from the land was commenced by Stevens or her successors.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff commenced the instant quiet title action in December, 1981, seeking to have declared void defendant's interest in the mineral rights associated with the land. Plaintiff advanced two theories: (1) that defendant's interest in the mineral rights, as created in the deed, constituted a contingent interest not certain to vest within the period required under the rule against perpetuities, and (2) that defendant's interest in the mineral rights was unenforceable pursuant to MCL 554.61 *et seq.*; MSA 26.49(11) *et seq.* Upon defendant's motion for summary disposition, the court ruled that plaintiff had failed to state a claim under either theory and accordingly declared that defendant holds fee simple absolute title, including all mineral rights, in the subject property.

In deciding the rule against perpetuities issue, the trial court ruled that the 1951 deed granted defendant a vested interest in the mineral rights subject to a profit a prendre reserved in favor of Stevens and her successors. The court concluded that because defendant's interest vested immediately, the rule against perpetuities was inapplicable to the instant case. Alternatively, the court stated that even if the rule against perpetuities were violated, the conveyance to defendant of the mineral rights in the property after the period of reservation had expired would still not be void pursuant to MCL 554.381; MSA 26.1201. We find no error.

Michigan's version of the common-law rule against perpetuities is codified at MCL 554.51; MSA 26.49(1). The rule is violated if, at the time a future interest is created, it is not certain to vest within twenty-one years of the death of a named person or persons, who are alive at the time of the creation of the future interest. *Moffit v Sederlund,* 145 Mich App 1, 14; 378 NW2d 491 (1985), lv den

425 Mich 860 (1986). A vested interest is one which is capable of becoming possessory immediately upon the expiration of the preceding estate. Where, as here, no applicable life in being is named in the instrument creating the future interest, the perpetuity period is twenty-one years from the creation. *Gardner v City National Bank & Trust Co,* 267 Mich 270, 284; 255 NW 587 (1934).

Plaintiff contends that Stevens' 1951 deed *excepted* all mineral rights in fee simple from the grant of land to defendant. Thus, according to plaintiff, defendant has a future interest in the minerals—either a contingent remainder or executory interest—subject to the rule against perpetuities. Defendant, on the other hand, argues that Stevens merely *reserved* a profit a prendre and defendant has been the true owner of the minerals in fee simple since the deed was executed, subject only to the grantor's "license." Like the trial court, we agree with defendant.

The owner of the land surface owns the minerals beneath his land. *Manufacturers Nat'l Bank of Detroit v Dep't of Natural Resources,* 420 Mich 128, 141; 362 NW2d 572 (1984). Ordinarily, a deed of land conveys the soil and all which it contains within the boundaries of the description in the deed. *Pellow v Arctic Iron Co,* 164 Mich 87, 105; 128 NW 918 (1910). However, ownership of minerals in place may be severed from the remainder of the land by the proper conveyances. Severance of all interest in minerals from the remainder of the land may be accomplished by a reservation or exception in the deed. Upon severance of title to mineral interests from that of the remainder of the land, each estate may be a freehold of an estate in fee simple. *Rathbun v Michigan,* 284 Mich 521, 534; 280 NW 35 (1938). Each estate is then subject to the laws of descent, devise, and

conveyance. *Pellow, supra,* p 105. Severance may also be worked by a reservation or exception of less than a fee estate in the minerals. *Id.* In such a case, the grantee has a future interest in the minerals. When the grantor reserves any mineral interests from the fee, possession of the surface does not give rise to the usual presumption of ownership. *Id.*

If the grantor retains title to the mineral interests described in a deed, it is an exception. *Negaunee Iron Co v Iron Cliffs Co,* 134 Mich 264, 280; 96 NW 468 (1903), app dis 197 US 463; 25 S Ct 474; 49 L Ed 836 (1905). At common law, this created a fee estate in the minerals, a corporeal hereditament. *Van Slooten v Larsen,* 410 Mich 21, 37; 299 NW2d 704 (1980), app dis 455 US 901; 102 S Ct 1242; 71 L Ed 2d 440 (1982). The deed conveyed no interest in the excepted part to the grantee. Therefore, when the grantor excepted all mineral rights, there was no need to expressly state that the right to sever or remove the minerals was an incident of ownership. *Wait v Baldwin,* 60 Mich 622, 626; 27 NW 697 (1886).

On the other hand, a reservation is generally seen as the creation of a new right or interest in the grantor. A reservation is really a legal fiction which treats the grantor's reservation as an implied grant from the grantee back to the grantor. Normally, a reservation is an incorporeal hereditament, like rent or a profit a prendre. Traditionally, words of inheritance were essential to extend the reservation beyond the life estate in the grantor. *Negaunee, supra,* p 280.

Deeds should be strictly construed against the grantor so that the grantee is conferred the greatest estate that the terms of the deed will permit. 6A Powell, Real Property, ¶ 887[5], p 81-72. Thus, a reservation or exception by the grantor in a deed

must be narrowly construed. We conclude that Gertie Stevens' deed did not, as plaintiff suggests, except title to all mineral interests in the land in fee simple. In light of the plain language of the deed "reserving to the vendor" the "right to operate, produce, and remove" all minerals, such a construction is clearly both overbroad and repugnant to the fee simple grant of the land to defendant. Instead, we are satisfied that the plain language of this deed created a true reservation of only the right to remove the minerals.

In reserving the "right to operate, produce, and remove" minerals from the property, Stevens reserved for herself and her successors a profit a prendre. A profit a prendre is primarily the right to acquire, by severance or removal from another's land, something previously constituting part of the land, such as minerals. *Evans v Holloway Sand & Gravel, Inc,* 106 Mich App 70, 78; 308 NW2d 440 (1981); *VanAlstine v Swanson,* 164 Mich App 396; — NW2d — (1987). A profit a prendre in the form of a right to carry on mining operations transfers no present interest in the minerals in place. The holder of the profit owns the minerals only after severance. *VanAlstine, supra.* There is no right to use the land except as incident to the mining. Until the right is actually exercised and possession is taken, it is a floating, indefinite, and incorporeal right. *VanAlstine, supra; Harlow v The Lake Superior Iron Co,* 36 Mich 104, 119 (1877).

By reserving for herself a profit a prendre, Gertie Stevens granted to defendant fee ownership of the land itself and the minerals therein, subject only to Stevens' right to remove minerals for thirty years or until termination of production. Defendant's interest in both the land and the minerals was therefore vested at the time the deed was executed. Since defendant's interest vested

immediately, it may not be voided by application of the rule against perpetuities.

As the rule against perpetuities cannot void defendant's interest, we need not decide whether MCL 554.381; MSA 26.1201 (providing that the rule against perpetuities shall not invalidate a grant for public-welfare purposes), pertains on these facts. Furthermore, since the deed did not create a terminable interest in defendant, as defined in MCL 554.61(a); MSA 26.49(11)(a) (it did not create a right of reversion to a grantor), MCL 554.61 *et seq.*; MSA 26.49(11) *et seq.* is inapposite.

Finally, plaintiff contends that it is entitled to reversal because the court granted defendant's motion for summary disposition on the wrong ground. The record establishes that defendant moved for summary disposition under MCR 2.116(C)(10)—no genuine issue of material fact. However, in granting the motion, the court stated that the summary disposition was pursuant to MCR 2.116(C)(8) for failure to state a claim on which relief can be granted.

A motion under MCR 2.116(C)(8) tests the legal basis of the complaint, not the sufficiency of the facts that support it. The factual allegations of the complaint must be considered as true, along with any reasonable inferences or conclusions which may be drawn from the facts as alleged, and unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied. *Velmer v Baraga Area Schools,* 157 Mich App 489, 495; 403 NW2d 171 (1987). If the disputed issue focuses on the factual support for plaintiff's claim, rather than the legal basis, summary disposition is more properly granted on the basis that there is no genuine issue of fact and the moving party is entitled to judgment as a matter

of law. *Jones v Employer's Ins of Wausau,* 157 Mich App 345, 349-350; 403 NW2d 130 (1987). We agree with plaintiff that in this case summary disposition was not properly granted under MCR 2.116(C)(8) since, with the facts as alleged in plaintiff's complaint taken as true, plaintiff states a valid claim under the rule against perpetuities. However, the error was harmless. MCR 2.613(A). Before granting the motion under subrule (C)(8), the court noted that it could also properly grant summary disposition to defendant under subrule (C)(10). Furthermore, the court's reasoning in granting the motion under subrule (C)(8) appears to have been a legal determination based on undisputed, fully developed facts, a decision more properly made under subrule (C)(10) when there is no genuine issue of material fact. Because the trial court reached the right result, we find no error.

Affirmed.