HOWE v DETROIT FREE PRESS, INC

Docket Nos. 113908, 115524. Submitted April 10, 1990, at Detroit. Decided July 3, 1990. Leave to appeal applied for.

Virgil M. and Barbara K. Howe commenced in Wayne Circuit Court a defamation action against the Detroit Free Press, Inc., and others, alleging that Virgil Howe was defamed when an article was printed which referred to him as having a drinking problem. Defendants sought a copy of a probation report prepared in conjunction with Virgil Howe's unrelated conviction of operating a motor vehicle while impaired. When that report would not be released to defendants absent a court order, defendants sought and the trial court, Sharon Tevis Finch, J., ordered the release of the probation report to defendants. Plaintiffs appealed by leave granted. Defendants then sought release of supporting materials that were part of Virgil Howe's probation file. Judge Finch denied the motion for release of the supporting materials. Defendants appealed by leave granted. The appeals were consolidated.

The Court of Appeals *held:*

The statutory privilege protecting the confidentiality of probation reports and materials is absolute except to the extent that the privilege conflicts with a constitutionally protected right. No such conflict exists here. The trial court erred in ordering the release of the report, but properly denied the request for release of the supporting materials.

Reversed and remanded.

EVIDENCE — PROBATION OFFICERS' REPORTS — CONFIDENTIALITY OF RECORDS.

A plaintiff by commencing a defamation action does not thereby waive the statutory privilege that all probation reports shall be confidential and not open to public inspection; that statutory privilege is absolute except to the extent that it conflicts with a constitutional right (MCL 791.229; MSA 28.2299).

REFERENCES
Am Jur 2d, Depositions and Discovery §§ 29, 31.
See the Index to Annotations under Discovery; Libel and Slander; Parole, Probation, and Pardon.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Robert E. Shaw*), for plaintiffs.

*Honigman, Miller, Schwartz & Cohn* (by *Herschel P. Fink* and *Michael A. Gruskin*), for defendant.

Before: HOLBROOK, JR., P.J., and McDONALD and JANSEN, JJ.

PER CURIAM. This case involves consolidated interlocutory appeals stemming from a defamation claim initiated by plaintiffs on February 28, 1987. Plaintiffs' defamation suit stems from an article which referred to plaintiff Virgil Howe as having a drinking problem. Plaintiffs' appeal arises from a Wayne Circuit Court order releasing the probation report of plaintiff Virgil Howe prepared in connection with an unrelated conviction of operating a motor vehicle while impaired. Defendants' appeal arises from the circuit court's order denying defendants' motion for release of supporting materials which were part of plaintiff Virgil Howe's probation file. Plaintiffs argue on appeal that the probation report is absolutely privileged under MCL 791.229; MSA 28.2299 and that plaintiffs did not waive this privilege by initiating the present action against defendant. We agree and reverse.

The issue raised on appeal is one of first impression. We must determine whether a plaintiff waives his privilege conferred under MCL 791.229; MSA 28.2299 when he initiates a civil suit to collect for damages resulting from an alleged defamation. MCL 791.229; MSA 28.2299 provides:

> All records and reports of investigations made by a probation officer, and all case histories of probationer shall be privileged or confidential com-

munications not open to public inspection. Judges and probation officers shall have access to the records, reports, and case histories. The probation officer, the assistant director of probation, or the assistant director's representative, shall permit the attorney general, the auditor general, and law enforcement agencies to have access to the records, reports, and case histories. The relation of confidence between the probation officer and probationer or defendant under investigation shall remain inviolate.

This Court twice has steadfastly upheld the privilege conferred under MCL 791.229; MSA 28.2299 and refused to order the release of probation reports in the context of civil cases. In *Havens v Roberts,* 139 Mich App 64; 360 NW2d 183 (1984), the garnishee defendant, Nationwide Insurance Company, sought discovery of the probation reports of two other defendants against whom judgments had already been obtained to show that the two other defendants responsible for plaintiffs' injury intentionally, rather than negligently, injured plaintiff. *Id.* at 67-68. In *Havens,* the garnishee defendant would not have been required to satisfy the judgment under the homeowners insurance policy if the injuries were caused intentionally. *Id.* at 66. However, the *Havens* Court held inviolate the absolute privilege against disclosure of the contents of the probation officer's reports. *Id.* at 67-68. Likewise, in *Peters v Bay Fresh Start, Inc,* 161 Mich App 491; 411 NW2d 463 (1987), lv den 429 Mich 867 (1987), plaintiff sought the discovery of the probation reports of two convicts who assaulted and permanently injured plaintiff's legally incapacitated ward. In *Peters,* plaintiff brought a negligence action against the halfway house and a probation officer for allowing the convicts to leave the halfway house and commit

the assault. *Id.* at 493-494. The *Peters* Court also interpreted the language of the statute to be absolute and reversed the trial court's holding that the probation officer's records or reports were subject to discovery. *Id.* at 497-498.

The only instance where this Court allowed discovery of probation reports despite the absolute language of MCL 791.229; MSA 28.2299 was in the context of a criminal trial. In *People v Rohn,* 98 Mich App 593; 296 NW2d 315 (1980), lv den 410 Mich 876 (1980), defendant sought access to the presentence or probation reports of three prosecution witnesses, all of whom were accomplices to the murder charged against defendant. *Id.* at 598. Defendant wanted to use portions of the report to impeach the credibility of the accomplices' versions of the murder. *Id.* at 598-600. The *Rohn* Court held that where MCL 791.229; MSA 28.2299 conflicts with defendants' constitutional protections, including the right of confrontation and impeachment through prior inconsistent statements, the statute protecting the confidentiality of presentence reports must give way to these stronger interests. *Id.* at 599.

We find in the present case that the trial court erred in failing to comply with the absolute language of MCL 791.229; MSA 28.2299. The present case does not involve constitutional rights which may supersede the privilege. We follow the prior decisions in *Peters* and *Havens* and hold that the privilege is absolute and that the trial court erred in allowing defendants to discover the probation reports.

Defendants' claim of appeal arises from the trial court's denial of defendants' request to release additional supporting documentation referenced in the probation report, specifically the Alcadd test. The trial court found that the supporting material

was confidential and not subject to discovery. We agree. The Alcadd test fell within the purview of MCL 791.229; MSA 28.2299 which provides a privilege for "all records and reports of investigations made by a probation officer." We find that both the probation report and the Alcadd test should be treated equally under the statute. The trial court did not err in finding that the Alcadd test was confidential and not subject to discovery. However, the trial court did err in finding that the probation report was discoverable.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.