## *In re* SMITH ESTATE

Docket No. 194776. Submitted August 12, 1997, at Detroit. Decided November 4, 1997, at 9:05 A.M. Leave to appeal sought.

Dennis Gotterson brought an action in the Wayne Circuit Court against the estate of James A. Smith, deceased, seeking damages for injuries sustained when Smith shot the plaintiff during a dispute at a third party's home. At the time of the shooting, Smith and his wife were insured under a homeowner's policy issued by Auto Club Group Insurance Company (ACGI). After the plaintiff filed the complaint against Smith's estate, ACGI sent a letter to Smith's wife, who was the personal representative of the estate, informing her that it would not indemnify or defend the estate because the damages did not result from an "occurrence" as defined in the policy and the policy did not provide coverage because the injuries were "expected or intended." A jury determined that Smith was negligent and a judgment was entered in favor of the plaintiff. The plaintiff then filed a writ of garnishment against ACGI and ACGI answered by asserting various coverage defenses. The court, Paul S. Teranes, J., treated the plaintiff's motion to strike ACGI's answer as a motion for summary disposition and denied the motion. A jury found that the plaintiff had no cause of action against ACGI because there was never an "occurrence" as defined under the policy. The plaintiff appealed from the judgment of no cause of action entered by the court and the denial of his motion for summary disposition.

The Court of Appeals *held*:

1. A garnishee-defendant generally is barred from challenging the validity of the judgment entered in the original action. However, an insurer may raise an exclusionary clause as a defense in a garnishment proceeding if that issue has been preserved. Defenses raised in an initial letter denying coverage are preserved and may be raised in a later garnishment action. The court properly denied the plaintiff's motion for summary disposition.

2. Once an insurance company has denied coverage to an insured and stated its defenses, the company has waived or is estopped from raising new defenses. The trial court's failure to strike one alleged "new" defense was harmless error because the defense did not form the basis for the jury verdict in favor of ACGI. The second

alleged "new" defense was not a new defense but a restatement of the defenses that ACGI raised in its letter of denial. The court did not err in refusing to strike this defense.

Affirmed.

1. ACTIONS — GARNISHMENT — INSURANCE — PRESERVING DEFENSES.

A garnishee-defendant generally is barred from challenging the validity of the judgment entered in the original action; however, an insurer that is a garnishee-defendant may raise an exclusionary clause as a defense in a garnishment proceeding if that issue has been preserved; defenses raised by an insurer in an initial letter to its insured denying coverage are preserved and may be raised in a later garnishment action.

2. INSURANCE — ACTIONS — DEFENSES.

An insurance company generally has waived or is estopped from raising new defenses once it has denied coverage to an insured and stated its defenses.

*Raymond L. Krell, P.C.* (by *Derek A. Hurt*), for the plaintiff.

*Becker, Lanctot, McCutcheon, Schoolmaster, Taylor & Hom* (by *Edwin F. Dyer, II*) (*Gross, Nemeth & Silverman, P.L.C.*, by *Mary T. Nemeth*, of Counsel), for Auto Club Group Insurance Company.

Before: WAHLS, P.J., and TAYLOR and HOEKSTRA, JJ.

PER CURIAM. In this insurance dispute, the trial court entered a final judgment of no cause of action after a jury trial. Plaintiff now appeals as of right, arguing that the trial court erred in finding that garnishee-defendant Auto Club Group Insurance Company (ACGI) was entitled to present a defense to the garnishment action. We affirm.

This case arises from a domestic dispute between James Smith and Shirley Selonke on September 15, 1990. Smith, who was married, was apparently involved in a romantic relationship with Selonke. On the day in question, Smith was visiting Selonke at her

parents' house. Plaintiff was a friend of Selonke's family and was also at the house that day. When a dispute arose, Smith was asked to leave. Smith then went to his car and got a shotgun. He subsequently returned to the house and shot plaintiff, Selonke, and then himself. Smith and Selonke both died. At the time of the incident, Smith and his wife were insured under a homeowner's policy issued by ACGI. After plaintiff filed a complaint against Smith's estate, ACGI sent a letter to Smith's wife, who was the personal representative of Smith's estate, informing her that it would not indemnify or defend the estate because the damages did not result from an "occurrence" as defined in the policy. ACGI also asserted that the policy did not provide coverage because the injuries were "expected or intended." Smith's wife then retained a private attorney to represent the estate. Ultimately, a jury determined that Smith was negligent and a judgment was entered in favor of plaintiff.

In 1993, plaintiff filed a writ of garnishment against ACGI. The insurer answered by asserting various coverage defenses. Plaintiff then filed a motion to strike ACGI's answer. The trial court noted that plaintiff's request was more appropriately labeled a motion for summary disposition. The trial court then denied the motion. Thereafter, a jury found that plaintiff had no cause of action against ACGI because there was never an "occurrence" as defined under the policy.

On appeal, plaintiff argues that the trial court erred in denying his motion for summary disposition. We review the trial court's decision regarding a motion for summary disposition de novo. *Nicita v Detroit (After Remand)*, 216 Mich App 746, 750; 550 NW2d 269 (1996). Although the trial court failed to specify

which subrule of MCR 2.116(C) it was relying on, it does not appear that the court considered documentary evidence in deciding the motion. Therefore, we will presume that the motion was denied pursuant to MCR 2.116(C)(9). A motion brought under MCR 2.116(C)(9) seeks a determination whether the opposing party has failed to state a valid defense to the claim asserted against it. *Nicita, supra* at 750. A motion brought under this subrule is analogous to one brought pursuant to MCR 2.116(C)(8) in that both motions are tested by the pleadings alone, with the court accepting all well-pleaded allegations as true. *Id.* The test is whether the defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny a plaintiff's right to recovery. *Id.*

In denying plaintiff's motion for summary disposition, the trial court held that ACGI was not barred by the doctrines of res judicata or collateral estoppel from challenging the original judgment because the interests of the insurer were antagonistic to the interests of the insured. On appeal, plaintiff does not dispute that finding. Rather, plaintiff argues that ACGI should have been precluded from denying policy coverage because it failed to take the necessary steps to preserve the exclusionary clause as a defense.

Generally, a garnishee-defendant is barred from challenging the validity of the judgment entered in the original action. However, an insurer may raise an exclusionary clause as a defense in a garnishment proceeding if that issue has been preserved. *Havens v Roberts*, 139 Mich App 64, 67; 360 NW2d 183 (1984). Plaintiff argues that, in order for an insurer to preserve a coverage defense, it must either defend the

insured under a reservation of rights or seek a declaratory judgment. Although that is the rule in at least one jurisdiction, see *La Rotunda v Royal Globe Ins Co*, 87 Ill App 3d 446, 453; 408 NE2d 928 (1980), we find no authority for the application of that rule in Michigan, and we decline to adopt it.

Until now, the question whether an insurer may preserve a defense by simply raising it in a letter denying coverage has only been addressed indirectly. In *Havens*, the Court found that the insurer had properly preserved its defenses by agreeing to defend the original action under a reservation of rights. *Havens*, *supra* at 67. However, the panel there did not hold that this was the only proper means of preserving defenses. In fact, the Court in *Havens* relied on *Morrill v Gallagher*, 370 Mich 578; 122 NW2d 687 (1963). The facts in *Morrill* are similar to those here. There, an insurer sent a letter to its insured denying coverage for a claim and was later subjected to garnishment proceedings. The insurer did not defend the insured, nor did it file a declaratory judgment action. When the garnishment action was instituted, the insurer attempted to raise a number of defenses. On those facts, the Supreme Court affirmed an order that only allowed the insurer to raise defenses that it had originally asserted in its letter denying coverage. *Id.* at 581-587. In so doing, the Supreme Court implicitly acknowledged that the defenses asserted in the letter were preserved. We believe that this is the correct rule, and we therefore hold that defenses raised in an initial letter denying coverage are preserved and may be raised in a later garnishment action. Thus, the trial court properly denied plaintiff's motion for summary disposition.

Next, plaintiff contends that the trial court erred in failing to strike two "new" defenses that ACGI raised in its answer. Generally, once an insurance company has denied coverage to an insured and stated its defenses, the company has waived or is estopped from raising new defenses. *Smit v State Farm Mut Automobile Ins Co*, 207 Mich App 674, 679-680; 525 NW2d 528 (1994).[1] The first "new" defense identified by plaintiff on appeal involves ACGI's assertion that James Smith was not a resident of his wife's home when the incident occurred. There is no dispute that this defense was not raised in the initial letter of denial. However, any error that resulted from the trial court's refusal to strike this defense was harmless because the residency defense did not form the basis for the jury verdict in favor of ACGI.

The other "new" defense identified by plaintiff involves ACGI's assertion that plaintiff's injuries were sustained as a result of the "natural, foreseeable and anticipatory unlawful and felonious acts" of James Smith. This was not actually a "new" defense. Rather, it was merely a restatement of the "occurrence" and "expected and intended" defenses that ACGI raised in its letter of denial. See *Arco Industries Corp v American Motorists Ins Co*, 448 Mich 395, 404-405; 531 NW2d 168 (1995); *Frankenmuth Mut Ins Co v Piccard*, 440 Mich 539, 550-551; 489 NW2d 422 (1992). Thus, the trial court did not err in refusing to strike this defense.

Affirmed.

---

[1] Exceptions to this general rule are set forth on pages 680-681 of *Smit*.