HUBSCHER & SON, INC v STOREY

Docket No. 200449. Submitted February 10, 1998, at Lansing. Decided
    March 6, 1998, at 9:10 A.M.

Hubscher & Son, Inc., brought an action in the Mecosta Circuit Court
    against Wayne H. and Janet L. Storey, seeking a declaration that a
    contract for the plaintiff's extraction of sand and gravel from the
    defendants' realty remains enforceable. The contract originally was
    entered into by the plaintiff's and the defendants' predecessors in
    interest in 1960. The defendants amended the contract in 1987 and
    terminated it in 1995, with the plaintiff never having extracted sand
    or gravel. The defendants filed affirmative defenses and a counter-
    claim, arguing that the contract was unconscionable and violated
    the rule against perpetuities. On cross-motions for summary dispo-
    sition, the court, James K. Nichols, J., granted the plaintiff's motion
    and denied the defendants' motion. The defendants appealed.

    The Court of Appeals *held*:

    1. The trial court erred in granting the plaintiff summary disposi-
    tion on the basis that the contract was conscionable. The examina-
    tion of a contract for unconscionability involves inquiries into both
    procedural and substantive unconscionability. Accepting as true the
    defendants' allegations that they and their predecessors were not
    represented by legal counsel during the negotiations for the origi-
    nal and amended contracts and that the length of time since the
    contract's inception was unconscionable, it cannot be concluded
    that the defenses raised were so clearly untenable as a matter of
    law that no factual development could possibly deny the plaintiff's
    right to recovery.

    2. The trial court did not err in granting the plaintiff summary
    disposition on the basis that the contract did not violate the rule
    against perpetuities, MCL 554.51; MSA 26.49(1). The rule—which is
    violated if, at the time the instrument creating a future estate
    comes into operation, it is not certain that the estate will either
    vest or fail to vest within twenty-one years of the death of a person
    named in the instrument—applies only to nonvested property inter-
    ests. The plaintiff's interest is properly characterized as a profit à
    prendre, a right to acquire by severance or removal from another's
    land something previously constituting part of the land. The plain-

tiff's interest or right vested at the time of the creation of the contract and thus is not subject to the rule against perpetuities.

Affirmed in part, reversed in part, and remanded.

1. CONTRACTS — UNCONSCIONABILITY.

The examination of a contract for unconscionability involves inquiries into procedural and substantive unconscionability, i.e., the relative bargaining power of the parties and whether the challenged term is substantively reasonable.

2. PERPETUITIES — NONVESTED PROPERTY INTERESTS.

The rule against perpetuities—which is violated if, at the time the instrument creating a future estate comes into operation, it is not certain that the estate will either vest or not vest within twenty-one years of the death of a person named in the instrument—applies only to nonvested property interests (MCL 554.51, 554.53; MSA 26.49[1], 26.49[3]).

3. PERPETUITIES — PROFITS À PRENDRE.

A profit à prendre, the right to acquire by severance or removal from another's land something previously constituting part of the land, if granted by contract, is a property interest that vests at the time of the creation of the contract and is not subject to the rule against perpetuities.

*Reynolds H. Campbell*, for the plaintiff.

*Moore & Simon, P.C.* (by *Dennis L. Moore*), for the defendants.

Before: MCDONALD, P.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM. Defendants appeal as of right from an order denying defendants' motion for summary disposition and granting plaintiff's motion for summary disposition. We affirm in part, reverse in part, and remand.[1]

---

[1] In addition to the arguments that we address in this opinion, defendants also argue that plaintiff's property interest violates public policy and that the dormant minerals act, MCL 554.291 *et seq.*; MSA 26.1163(1) *et seq.*, applies to the property interest. We need not address these arguments because defendants did not make these arguments to the lower

In 1960, defendants' and plaintiff's predecessors in interest entered into a sand and gravel contract granting plaintiff's predecessor the exclusive right to extract sand and gravel from deposits on defendants' predecessors' property in exchange for an annual payment of a minimum royalty. Defendants, who amended the contract in 1987, terminated the contract in 1995 because it had been in existence for over thirty-five years without plaintiff extracting any sand or gravel. Seeking to have the contract enforced, plaintiff filed this declaratory judgment action. Defendants filed a counterclaim and affirmative defenses, stating that the contract was unconscionable and violated the rule against perpetuities. Both parties submitted motions for summary disposition pursuant to MCR 2.116(C)(8) and (9). The lower court granted only plaintiff's motion. Although we agree with the court that the rule against perpetuities does not apply to this property interest, we find that the pleadings were sufficient to state a claim of unconscionability.

Appellate review of a motion for summary disposition is de novo. *Singerman v Municipal Service Bureau, Inc*, 455 Mich 135, 139; 565 NW2d 383 (1997). A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim. *Id.* A motion brought under MCR 2.116(C)(9) seeks a determination whether the opposing party has failed to state a valid defense to the claim asserted against it. *In re Smith Estate*, 226 Mich App 285, 288;

---

court, instead raising them for the first time on appeal. *Vander Bossche v Valley Pub*, 203 Mich App 632, 641; 513 NW2d 225 (1994). Moreover, defendants did not include these arguments in their questions presented to this Court as required by MCR 7.212(C)(5).

574 NW2d 388 (1997). The motions are analogous to one another in that both are tested by the pleadings alone, with the court accepting all well-pleaded allegations as true and determining whether the defenses are so clearly untenable as a matter of law that no factual development could possibly deny a plaintiff's right to recovery. *Id.*

Defendants argue that the lower court erred in granting plaintiff summary disposition on the basis that the contract was conscionable. We agree. The examination of a contract for unconscionability involves inquiries for both procedural and substantive unconscionability. *Northwest Acceptance Corp v Almont Gravel, Inc,* 162 Mich App 294, 302; 412 NW2d 719 (1987). Accordingly, there is a two-pronged test for determining whether a contract is unenforceable as unconscionable, which is stated as follows:

> (1) What is the relative bargaining power of the parties, their relative economic strength, the alternative sources of supply, in a word, what are their options?; (2) Is the challenged term substantively reasonable? [*Id.* (citing *Allen v Michigan Bell Telephone Co,* 18 Mich App 632, 637-638; 171 NW2d 689 [1969]).]

Reasonableness is the primary consideration. *Stenke v Masland Development Co, Inc,* 152 Mich App 562, 572-573; 394 NW2d 418 (1986); *Gianni Sport Ltd v Gantos, Inc,* 151 Mich App 598, 601; 391 NW2d 760 (1986).

Here, defendants alleged in their counterclaim both that their predecessors in interest were unrepresented by counsel during negotiations and execution of the original contract and that defendants were

unrepresented during the negotiations and execution of the 1987 amendment. Additionally, defendants' pleadings contain several allegations of unreasonableness attributed to the length of time since the contract's inception, during which plaintiff never extracted sand or gravel from the property. When these allegations are accepted as true, we cannot conclude that they are defenses so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery. However, in granting plaintiff's motion for summary disposition, the lower court made a contrary determination that the contract was "easily comprehensible" and did not involve "trickery." This determination constitutes a finding of fact that is inappropriate to make when considering a motion for summary disposition pursuant to MCR 2.116(C)(8) or (9). Because motions pursuant to these two subrules concern only the sufficiency of the pleadings, the lower court was required to presume that defendants' allegations were true and was not permitted to create its own factual findings. *In re Smith Estate, supra* at 288. Accordingly, the court should not have granted plaintiff summary disposition on this basis.

Next, defendants argue that the lower court erred in granting plaintiff summary disposition on the basis that the parties' contract did not violate the rule against perpetuities. We disagree. The rule against perpetuities, which is codified at MCL 554.51; MSA 26.49(1), is violated if, at the time the instrument creating a future estate comes into operation, it is not certain that the estate will either vest or fail to vest within twenty-one years of the death of a person named in the instrument. *Stevens Mineral Co v Mich-*

*igan,* 164 Mich App 692, 695; 418 NW2d 130 (1987). The rule applies only to nonvested property interests. MCL 554.53; MSA 26.49(3). Therefore, in all cases where a party invokes application of the rule, the first consideration is whether the character of the interest is vested. *Toms v Williams,* 41 Mich 552, 562; 2 NW 814 (1879). A vested property interest is one that is capable of becoming possessory immediately upon the expiration of the preceding estate. *Stevens, supra* at 696. Stated another way, a vested interest exists when there is no condition precedent to the holder taking possession other than the termination of prior estates, however and whenever that may occur. 1 Cameron, Michigan Real Property Law (2d ed), § 7.2, pp 234-235. If there is a condition precedent, then the interest is contingent or nonvested. *Id.*

Plaintiff's property interest pursuant to the contract in this case is properly characterized as a profit à prendre in the form of the right to extract and acquire defendants' sand and gravel. A profit à prendre is the right to acquire, by severance or removal from another's land, something previously constituting part of the land. *VanAlstine v Swanson,* 164 Mich App 396, 405; 417 NW2d 516 (1987) (citing *Evans v Holloway Sand & Gravel, Inc,* 106 Mich App 70, 78; 308 NW2d 440 [1981]). Additionally, because there is no condition precedent to plaintiff's property interest, we find that plaintiff's profit à prendre vested at the time of the creation of the contract. Although plaintiff has not yet exercised its right to enter the property and extract sand and gravel, plaintiff nonetheless possesses a present right to do so. This is true even though plaintiff will not possess a property interest in the materials themselves until after extracting the

sand or gravel. See *Stevens, supra* at 698. Accordingly, we hold that the lower court properly granted plaintiff summary disposition on this basis because plaintiff's vested property interest may not be voided by application of the rule against perpetuities.[2]

Defendants argue that the lower court should have applied the rule against perpetuities in this case because plaintiff's profit à prendre will not vest until plaintiff begins extracting sand or gravel from the property.[3] For their position, defendants primarily rely on this Court's statement in *Stevens, supra* at 698, that until the profit à prendre "is actually exercised and possession is taken, it is a floating, indefinite, and incorporeal right." This statement in *Stevens* was

---

[2] We note that our conclusion is consistent with decisions of other courts that, when confronted with this issue in varying factual contexts, have also held that the rule against perpetuities does not apply to a profit à prendre because it is a vested property interest. See *Greenshields v Warren Petroleum Corp*, 248 F2d 61, 70-71 (CA 10, 1957) (contractual right to explore for and acquire title to gas and oil); *Rousselot v Spanier*, 60 Cal App 3d 238, 242-243; 131 Cal Rptr 438 (1976) (reservation of non-possessory interest in oil and gas); *Goetz v Goetz*, 174 Kan 30, 36, 38; 254 P2d 822 (1953) (devise of oil or gas income); *Anderson v Gipson*, 144 SW2d 948, 950 (Tex Civ App, 1940) (hunting rights and privileges conveyed by lease); 61 Am Jur 2d, Perpetuities and Restraints on Alienation, § 49, pp 60-61.

[3] In a related discussion concerning royalty interests in gas and oil, the Arkansas Supreme Court made the following observation pertinent to defendants' argument in this case:

It is hard for us to conceive of an estate in real property which vests barrel by barrel or stratum by stratum. In the analogous case of a profit a prendre, such as the perpetual right to take game or fish from another's land, the estate in real property is a present vested interest which is unaffected by the rule against perpetuities. Gray, The Rule Against Perpetuities (4th Ed.), § 279. Although the owner of such a privilege acquires a personal property interest whenever he bags a duck or lands a fish, this action is merely an incident in the enjoyment of the estate in real property. [*Hanson v Ware*, 224 Ark 430, 437; 274 SW2d 359 (1955). ]

derived from *Harlow v Lake Superior Iron Co*, 36 Mich 105, 119-120 (1877), a case in which the plaintiff sought to eject the defendant from certain property by arguing that his lease granted him a possessory interest in the property and not merely a privilege to mine the property. We do not read the statement in *Harlow* to address the issue raised by defendants regarding when a profit a prendre vests. Instead, we believe our Supreme Court only intended to describe the nature of a profit à prendre and emphasize that it is not a property right capable of enforcement by an action for ejectment because the right does not confer possession of a physical thing. Therefore, we are not persuaded that defendants' argument merits a different conclusion in this case.

Affirmed in part, reversed in part, and remanded for further proceedings regarding defendants' unconscionability claim. We do not retain jurisdiction.